**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:19-CV-80121-SMITH/MATTHEWMAN**

| | |
|---|---|
| Bruce Exum, Jr. and Emilie Palmer, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| National Tire and Battery and TBC Corporation, | |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS CLASS ACTION COMPLAINT**

TABLE OF CONTENTS

INTRODUCTION……………………………………………………………………………...1

FACTUAL AND PROCEDURAL BACKGROUND…………………………………………… 1

STANDARDS OF REVIEW…………………………………………………………………... 2

ARGUMENT……………………………………………………………………………………… 3

I.     Plaintiffs' Allegations Establish Standing……………………………………………...3

       A.     The standards for standing were not changed by Spokeo…………………………3

       B.     Plaintiffs meet all the injury-in-fact requirements………………………………… 4

              1.     Plaintiffs allege invasion of legally protected interests…………………...4

              2.     Plaintiffs allege concrete injury……………………………………………4

              3.     Plaintiffs allege their injuries are particularized………………………… 6

              4.     Plaintiffs allege their injuries are actual and imminent………………… 6

II.    Plaintiffs Have Standing to Bring Claims On Behalf Of the Class……………………… 7

III.   Defendants' Violation of the Tire-Registration Law Gives Rise to Plaintiffs'
       Claims……………………………………………………………………………………… 9

IV.    Plaintiffs' Allegations Regarding Defendants' Conduct Satisfy The Pleading
       Standard…………………………………………………………………………………...

                                                                                   10

V.     Plaintiffs Sufficiently Plead a FDUTPA Claim……………………………………………11

       A.     Plaintiffs Have Properly Pled the Elements of a Claim under the FDUTPA……11

              1.     Plaintiffs Has Pleaded Unfair and Deceptive Acts………………………12

              2.     Plaintiffs' Allegations of Causation and Damages are Sufficient……….13

VI.    Plaintiffs Properly Plead Unjust Enrichment………………………………………………14

VII.   Plaintiffs State Viable Claims For Breach of Implied Warranty and the MMWA……... 15

VIII.  Plaintiffs Properly Pled Claims For Negligence And Negligence *Per Se*………………17

IX.    Plaintiffs State A Viable Claim For Injunctive Relief…………………………………... 18

CONCLUSION……………………………………………………………………………… 20

REQUEST FOR HEARING……………………………………………………………………21

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)..................................................................................... 2, 3

*Ayres v. Gen. Motors Corp.,*
  234 F.3d 514 (11th Cir. 2000) ........................................................................ 9

*Bailey v. St. Louis,*
  196 So. 3d 375 (Fla. 4th DCA 2016) ............................................................ 11

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)..................................................................................... 2, 3

*Bochese v. Town of Ponce Inlet,*
  405 F.3d 964 (11th Cir. 2005). ....................................................................... 4

*Bonner v. City of Prichard,*
  661 F.2d 1206 (11th Cir. 1981). ..................................................................... 9

*Carlson v. General Motors Corp.,*
  883 F.2d 287 (4th Cir. 1989). ....................................................................... 16

*Carmichael v. Kellogg, Brown & Root Servs., Inc.,*
  572 F.3d 1271 (11th Cir. 2009) ...................................................................... 2

*Carriuolo v. Gen. Motors Co.,*
  823 F.3d 977 (11th Cir. 2016). ............................................................... 11, 14

*Castellanos v. Portfolio Recovery Assocs., LLC,*
  297 F. Supp. 3d 1301  (S.D. Fla. 2017) ......................................................... 6

*Clay Elec. Co-op., Inc. v. Johnson,*
  873 So.2d 1182 (Fla. 2003)........................................................................... 16

*Collins v. DaimlerChrysler Corp.,*
  894 So. 2d 988 (Fla. Dist. Ct. App. 2004). ................................................... 14

*Common Cause/Georgia v. Billups,*
  554 F.3d 1340 (11th Cir. 2009) ...................................................................... 3

*Concha v. London,*
  62 F.3d 1493 (9th Cir. 1995). ....................................................................... 10

*Cross v. Point & Pay,*
  274 F. Supp. 3d 1289 (M.D. Fla. 2017)........................................................... 9

*Davis v. Powertel, Inc.,*
  776 So. 2d 971 (Fla. Dist. Ct. App. 2000). ................................................... 13

*deJesus v. Seaboard Coast Line R. Co.,*
  281 So. 2d 198 (Fla. 1973)............................................................................ 17

*Emerald Coast Util. Auth. v. 3M Co.,*
  746 F. Supp. 2d 1216 (N.D. Fla. 2010)........................................................... 4

*Florida Dept. of Corrections v. Abril*,
    969 So.2d 201 (Fla. 2007)............................................................................ 17

*Florida Power Corp. v. City of Winter Park*,
    887 So.2d 1237 (Fla. 2004)........................................................................ 14

*Galstaldi v. Sunvest Communities USA, LLC*,
    637 F. Supp. 2d 1045 (S.D. Fla. 2009)....................................................... 12

*Gibbs v. Hernandez*,
    810 So.2d 1034 (Fla. Dist. Ct. App. 2002)................................................. 16

*Golden Shoreline Ltd. P'ship v. McGowan*,
    787 So. 2d 109 (Fla. Dist. Ct. App. 2001).................................................. 17

*Griffin v. Dugger*,
    823 F.2d 1476 (11th Cir. 1987).................................................................... 7

*Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*,
    910 F.3d 1186 (11th Cir. 2018).................................................................. 10

*Houston v. Marod Supermarkets, Inc.*,
    733 F.3d 1323 (11th Cir. 2013)..................................................................... 2

*Hubbard v. Dresser, Inc.*,
    624 S.E.2d 1 (Va. 2006)......................................................................... 15, 16

*In re 21st Century Oncology Customer Data Sec. Breach Litig.*,
    No. 8:16-MD-2737-MSS-AEP, 2019 WL 2151095 (M.D. Fla. Mar. 11, 2019)................. 5, 6

*In re Checking Account Overdraft Litig.*,
    694 F. Supp. 2d 1302 (S.D. Fla. 2010).................................................... 7, 8

*In re Checking Account Overdraft Litig.*,
    No. 1:09-MD-02036-JLK, 2016 WL 5848730 (S.D. Fla. July 5, 2016)................. 7, 8

*In re Terazosin Hydrochloride Antitrust Litig.*,
    160 F. Supp. 2d 1365 (S.D. Fla. 2001)........................................................ 7

*Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*,
    892 F.3d 719 (5th Cir. 2018)...................................................................... 10

*Kent v. DaimlerChrysler Corp.*,
    200 F. Supp. 2d 1208 (N.D. Cal. 2002)..................................................... 19

*Kohl v. Kohl*,
    149 So.3d 127 (Fla. 4th DCA 2014)........................................................... 17

*Koski v. Carrier Corp.*,
    347 F. Supp. 3d 1185 (S.D. Fla. 2017).............................................. 3, 4, 6

*Lisk v. Lumber One Wood Preserving, LLC*,
    792 F.3d 1331 (11th Cir. 2015)..................................................................... 2

*Lowe v. General Motors Corp.*,
 624 F.2d 1373 (5th Cir. 1980) ........................................................................ 9

*Matthews v. Am. Honda Motor Co.*,
 No. 12–60630–CIV, 2012 WL 2520675 (S.D. Fla. June 6, 2012). ...................... 13

*McCabe v. Daimler AG*,
 948 F. Supp. 2d 1347 (N.D. Ga. 2013). ............................................................ 9

*McCain v. Fla. Power Corp.*,
 593 So.2d 500 (Fla.1992)............................................................................ 16, 18

*Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Machine Sys. USA, Inc.*,
 No. 04-60861-CIV, 2005 WL 975773 (S.D. Fla. Mar. 4, 2005). ........................ 13

*Muransky v. Godiva Chocolatier, Inc.*,
 922 F.3d 1175 (11th Cir. 2019). ........................................................... 3, 4, 5, 6

*Nicklaw v. Citimortgage, Inc.*,
 839 F.3d 998 (11th Cir. 2016) ........................................................................ 5, 6

*PNR, Inc. v. Beacon Prop. Mgmt. Inc.*,
 842 So.2d 773 (Fla. 2003)................................................................................ 13

*Renfroe v. Nationstar Mortg., LLC*,
 822 F.3d 1241 (11th Cir. 2016). ...................................................................... 10

*Renzi v. Demilec (USA) LLC*,
 No. 12-80516-CIV, 2013 WL 6410708 (S.D. Fla. Dec. 9, 2013)......................... 8

*Resnick v. Avmed, Inc.*,
 693 F.3d 1317 (11th Cir. 2012). ........................................................... 9, 10, 17

*Simon v. Shearson Lehman Bros.*,
 895 F.2d 1304 (11th Cir. 1990) ...................................................................... 18

*Soo Park v. Thompson*,
 851 F.3d 910 (9th Cir. 2017). ......................................................................... 10

*Spokeo, Inc. v. Robins*,
 136 S. Ct. 1540 (2016)................................................................................... 3, 6

*Sta-Rite Indus., Inc. v. Levey*,
 909 So. 2d 901 (Fla. Dist. Ct. App. 2004) ......................................................... 5

*State Farm Mut. Auto. Ins. Co. v. Performance Orthapaedics & Neurosurgery, LLC*,
 315 F. Supp. 3d 1291  (S.D. Fla. 2018). ............................................................ 9

*State Farm Mut. Auto. Ins. Co. v. Performance Ortho. & Neurosurgery*,
 278 F. Supp. 3d 1307 (S.D. Fla. 2017) ............................................................. 13

*Stone v. Crispers Restaurants, Inc.*,
 No. 06-cv-1086, 2006 WL 2850103 (M.D. Fla. Oct. 3, 2006). ........................... 8

*Susan B. Anthony List v. Driehaus*,
   573 U.S. 149, (2014)................................................................................................ 6

*Tuckish v. Pompano Motor Co.*,
   337 F. Supp. 2d 1313 (S.D. Fla. 2004). .................................................................. 9

*U.S. Bank N.A. v. Capparelli*,
   No. 13–80323–CIV, 2014 WL 2807648 (S.D. Fla. Jun. 20, 2014). ....................... 12

*United States v. Students Challenging Regulatory Agency Proc.*,
   412 U.S. 669 (1973)............................................................................................... 3

*Wallace v. Dean*,
   3 So.3d 1035 (Fla. 2009)...................................................................................... 16

*Watkins v. Ford Motor Co.*,
   190 F.3d 1213 (11th Cir. 1999) ............................................................................. 5

*Weinstein v. Aisenberg*,
   758 So. 2d 705 (Fla. Dist. Ct. App. 2000). .......................................................... 18

*Williams v. Delray Auto Mall, Inc.*,
   916 F. Supp. 2d 1294 (S.D. Fla. 2013). ................................................................ 9

*Wilson v. EverBank, N.A.*,
   77 F. Supp. 3d 1202 (S.D. Fla. 2015). .................................................................. 7

*Zarrella v. Pac. Life Ins. Co.*,
   755 F. Supp. 2d 1218 (S.D. Fla. 2010). ................................................................ 9

**Statutes**

15 U.S.C. § 1681c(g)(1)................................................................................................ 5

49 U.S.C. § 30117(b)(1) ............................................................................................... 5

Fla. Stat. § 400.991 (2012) .......................................................................................... 9

Fla. Stat. § 501.202 ................................................................................................... 11

Fla. Stat. § 501.204 ................................................................................................... 11

Fla. Stat. § 501.211(1)................................................................................................ 18

Fla. Stat. § 817.41(1) (2017) ....................................................................................... 9

U.C.C. § 2-314 ........................................................................................................... 15

Used Car Rule, 16 C.F.R. pt. 455, et seq. ..................................................................... 9

Va. Code Ann. § 8-2-314(2) ....................................................................................... 15

Plaintiffs, Bruce Exum, Jr. and Emilie Palmer, individually and on behalf of all others similarly situated, by and through undersigned counsel, hereby file their Memorandum in Opposition to Defendants' Motion to Dismiss Class Action Complaint and as grounds state as follows:

## INTRODUCTION

Congress made it the law that, without exception, all tires sold by tire dealers must be registered with the tire manufacturers. To ensure complete and accurate registration, rules enacted by federal regulators require independent tire retailers to help buyers get their tires registered with the tire manufacturers, either by electronically registering for the purchasers or by filling out and providing registration cards to the purchasers to mail in themselves. Defendants National Tire and Battery ("NTB") and TBC Corporation ("TBC") (collectively "Defendants") ignore these rules, depriving consumers of the safe tires they paid for and putting them at risk of a tire blowout, injury, and even death. Leaving consumers unknown or unreachable by tire manufacturers heightens the risk of severe injury and death. To the extent any of the tire-registration information was memorialized, it is not maintained in a way that allows tire buyers to confirm that accurate information is transmitted to the tire manufacturers.

In their motion, Defendants do not deny they shirked their obligations to Bruce Exum Jr., Emilie Palmer ("Plaintiffs") and other tire purchasers or that Plaintiffs and class members have no way of confirming the registrations. Defendants' arguments for dismissal fail. Because Plaintiffs have standing to bring this action, Defendants' violation of the tire-registration statute and regulations give rise to Plaintiffs' state and federal statutory claims and common-law claims, and Plaintiffs properly plead all the claims, the Court should deny Defendants' motion and permit the case to proceed to discovery. Defendants' request for dismissal with prejudice is also unfounded and should be rejected. If Defendants challenge the Court's power to hear the case, they cannot reasonably ask the Court to dismiss the case with prejudice. Rather, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs bought tires in January 2019 from an NTB store in Virginia Beach. ECF Doc. No. 1 ("Compl.") ¶¶ 40–42. Federal law requires that all independent tire retailers, including

Defendants, comply with 49 C.F.R. § 574.8. Defendants can comply in three ways, one of which is to complete part of a registration form with the tire information and provide that form to the buyer to complete and send in. Compl. ¶¶ 4, 35. Defendants, however did not provide such forms to Plaintiffs. Compl. ¶ 42. Nor did they provide any information to Plaintiffs indicating that they had registered the tires by the alternate means allowed by section 574.8(a)(1). *Id.*

Defendants' alleged actions harmed Plaintiffs and Class members. Plaintiffs and Class members would not have purchased the tires from Defendants had they known Defendants did not comply with the tire-registration law. Compl. ¶¶ 9, 15, 52, 81. Moreover, Defendants never provided Plaintiff or Class members with confirmation that their tires were registered with the manufacturer or, assuming *arguendo*, registration data had been provided that the tire-registration information was accurate. Plaintiffs have been provided with no method, manner, or means to confirm for themselves that such information was provided or that the furnished information is accurate. Defendants were unjustly enriched, as they actually profited from their failure to register customers' tires in labor costs and expense savings. Compl. ¶¶ 8, 37, 38, 87–91.

On January 29, 2019, Plaintiffs filed a class action Complaint. After being served and after an extension of time to respond, Defendants filed their Motion to Dismiss on May 28, 2019.

## STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) "can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citation omitted). "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint. When considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." *Id.* Here, Defendants' argument regarding Plaintiffs' Article III standing is a facial attack, which "require[s] the court merely to look and see if the plaintiff's complaint has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."[1] *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–36 (11th Cir. 2013).

The court should deny a motion to dismiss under Rule 12(b)(6) if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[1] Defendants' arguments are purely legal and therefore "facial," contesting none of the facts in the Complaint.

for the misconduct alleged." *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1334 (11th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint's factual allegations must be accepted as true. *Id.* "Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)*.* The complaint is sufficient if it includes "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Twombly*, 550 U.S. at 557. Although this demands more than a "sheer possibility" that a defendant has acted unlawfully, it is not "a probability requirement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citation omitted).

Under both Rule 12(b)(1) and 12(b)(6), Defendants' arguments fail and hence the Court should deny their motion.

## ARGUMENT

### I.   Plaintiffs' Allegations Establish Standing.

Plaintiffs have standing under Article III of the U.S. Constitution to assert their claims. Contrary to Defendants' arguments, Plaintiffs meet all the requirements for standing established by the U.S. Supreme Court and reiterated by the Eleventh Circuit.

#### A.    The standards for standing were not changed by *Spokeo*.

To satisfy the requirement of Article III standing, a plaintiff must show he or she has (1) suffered an "injury in fact," (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175, 1184 (11th Cir. 2019) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546–47 (2016)). The injury-in-fact requirement is established when a plaintiff shows he or she suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1185 (quoting *Spokeo*, 136 S. Ct. at 1548)). "A small injury, 'an identifiable trifle,' is sufficient to confer standing." *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1351 (11th Cir. 2009) (quoting *United States v. Students Challenging Regulatory Agency Proc.*, 412 U.S. 669, 689 n.14 (1973)). At the pleading stage, "general factual allegations of injury resulting from a defendant's conduct may suffice to establish

3

standing." *Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185, 1191 (S.D. Fla. 2017).

Here, Defendants' challenge to Plaintiffs' Article III standing centers on the issue of "injury-in-fact." For the reasons stated below, Plaintiffs properly plead "injury-in-fact" that is concrete, particularized, and actual or imminent, and thus have established standing.

### B.    Plaintiffs meet all the injury-in-fact requirements.

#### 1.    Plaintiffs allege invasion of legally protected interests.

Legally protected interests may arise from the Constitution, from common law, or by virtue of statutes creating legal rights, the invasion of which creates standing. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 980 (11th Cir. 2005); *Emerald Coast Util. Auth. v. 3M Co.*, 746 F. Supp. 2d 1216, 1225 (N.D. Fla. 2010). Plaintiffs here have alleged invasion of *two* legally protected interests. First, Plaintiffs allege that they were deprived of the full benefit of the tires they purchased, by being deceived into paying for tires that were not registered or accurately registered with the tire manufacturers as required. Compl. ¶¶ 9, 45, 60–68. Because Defendants do not comply with the law, Plaintiffs do not receive the safe tires for which they pay. Plaintiffs' financial and economic interest is a legally protected interest for purposes of the standing doctrine. Second, Plaintiffs allege that they are exposed to harm by not being reachable by the manufacturers of their tires. Congress created the tire-registration statute explicitly so that tire manufacturers could and would reach the tire purchasers. *See* Compl. ¶¶ 5, 9, 10, 32–33. Thus, Plaintiffs have alleged an invasion of legally protected interests.

#### 2.    Plaintiffs allege concrete injury.

An injury is "concrete" if it is "*de facto*," meaning it "actually exist[s]." *Muransky*, 922 F.3d at 1185. A concrete injury can be tangible or intangible. *Id.* (citation omitted). Alleged financial harm, including overpayment for products, is a typical tangible injury and satisfies the concreteness requirement. *See Koski*, 347 F. Supp. 3d at 1192 ("The Plaintiffs' allegations that they overpaid for the heaters and HVAC products are sufficient to establish standing at this stage in the case.").

Plaintiffs' injuries were real, distinct, and palpable, and therefore concrete. When Defendants took Plaintiffs' money in exchange for the tires, and did not comply with the tire-registration procedures, they caused Plaintiffs "tangible, economic harm" by depriving Plaintiffs

of the benefits of their bargains. Compl. ¶ 9, 45. Further, by failing to comply, Defendants caused Plaintiffs harm by leaving them unreachable by their tires' manufacturers. *E.g., id.* ¶¶ 5, 9, 11, 39, 45. Defendants also enriched themselves by saving labor costs and expenses they would have incurred in registering the tires with the manufacturers. *Id.* ¶¶ 8, 87–91. Since their purchases, Plaintiffs have been left to drive on the tires with no practical way to know whether their tires had been registered, whether the tire registrations were accurate, or whether defects or other issues in their tires had come to light. Because these harms were all tangible, the Court need not analyze Plaintiffs' claims under *Spokeo*, which addresses when intangible injuries are sufficiently concrete.

But even if some of Plaintiffs' injuries are arguably intangible, they are still concrete under *Spokeo*. An intangible injury is concrete when it "has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *In re 21st Century Oncology Customer Data Sec. Breach Litig.*, No. 8:16-MD-2737-MSS-AEP, 2019 WL 2151095, *4 (M.D. Fla. Mar. 11, 2019). Here, Plaintiffs meet these requirements because they allege the very injury the federal tire-registration statute and rules were intended to prevent: not being reachable in the event the tire manufacturer discovers a defect or issues a recall. *See* 49 U.S.C. § 30117(b)(1) (requiring tire manufacturers to "cause to be maintained a record of the name and address of the first purchaser of each vehicle or tire it produces"). Further, Plaintiffs' injury is closely related to a harm that has traditionally provided a basis for a lawsuit in English and American courts, namely exposure to and harm from dangerous products. *See 21st Century Oncology*, 2019 WL 2151095, *4.[2]

Relying on *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998 (11th Cir. 2016), Defendants argue that Plaintiffs allege only a "violation of a statutorily mandated procedure" that cannot cause an injury-in-fact. Defs.' Br. at 4. Contrary to Defendants' contention, the Eleventh Circuit recently ruled that a violation of a statutorily mandated procedure conferred standing on a plaintiff who brought a class action "against [defendant] for allegedly violating FACTA [by] printing ['] more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.[']" *Muransky*, 922 F.3d at 1181 (citing 15 U.S.C.

---

[2] *See, e.g.*, *Watkins v. Ford Motor Co.*, 190 F.3d 1213, 1219 (11th Cir. 1999) (recognizing that Florida recognizes a manufacturer's post-sale duty to warn purchasers under certain circumstances) (citing Restatement (Third) of Torts: Products Liability § 10); *Sta-Rite Indus., Inc. v. Levey*, 909 So. 2d 901, 905 (Fla. Dist. Ct. App. 2004) (same).

§ 1681c(g)(1)). Applying *Spokeo*, the Eleventh Circuit ruled that, unlike *Nicklaw*, the plaintiff in *Muransky* "suffered a concrete injury, and thus that he has standing to bring this action." *Id.* at 1192. Here, Defendants' violation of the tire-registration law and regulations results in injury to Plaintiffs, and Plaintiffs suffer a concrete injury and have standing to bring their claims. Further, in *Nicklaw* the court found—and the plaintiff conceded—that his injury was intangible. *See* 839 F.3d at 1002. Here, Plaintiffs allege tangible injuries of financial harm and being unreachable by the tire manufacturer. Moreover, in *Nicklaw*, the alleged injury was the late recording of a satisfaction of mortgage, which caused plaintiff no harm. *Id.* at 1002–03. Here, Plaintiffs allege harm of overpaying for unregistered tires and being continuously exposed to high risk of injury as manufacturers have no information or inaccurate information to reach them.

### 3.     Plaintiffs allege their injuries are particularized.

A "particularized" injury for purposes of Article III is one that affects the plaintiffs "in a personal and individual way." *Koski*, 347 F. Supp. 3d at 1191 (quoting *Spokeo*, 136 S. Ct. at 1548). This element is not disputed: Plaintiffs have pleaded that their injuries was personal—that they spent money and were not provided tires that had been registered (or accurately registered), and are unable to confirm with the tire manufacturer what, if anything, has been registered with them as there is no public database. *E.g.*, Compl. ¶¶ 12, 13, 40–46, 66, 75, 81, 89, 94. There is no question that this element of injury-in-fact is satisfied.

### 4.     Plaintiffs allege their injuries are actual and imminent.

Plaintiffs' injury suffices if it is actual or imminent, not conjectural or hypothetical. *See Muransky*, 922 F.3d at 1185; *Castellanos v. Portfolio Recovery Assocs., LLC*, 297 F. Supp. 3d 1301, 1305 (S.D. Fla. 2017). An allegation of future injury may suffice if the threatened injury is "certainly impending" or there is a "substantial risk" that harm will occur. *21st Century Oncology*, 2019 WL 2151095, at *4 (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)). If the risk is "substantial enough," then the time and money spent to protect against that risk may also constitute an injury in fact. *Id.* at *10.

Here, Plaintiffs have pleaded injuries that have occurred and pose a substantial risk of occurring. Their financial harm; inability to know if tires were timely registered with the manufacturer; and not being reachable by manufacturers have all already occurred and are continuing. *See, e.g.*, Compl. ¶¶ 6, 9–11, 25–30, 38, 40–46. Alternatively, using the tires with no

practical way to know whether they have been properly registered with the manufacturers (as required by rule and law) and no way to know about defects poses a "substantial risk" of future harm. *See Muransky*, 922 F.3d at 1185–86; *see* Compl. ¶¶ 6, 11, 30, 38, 45, 61.

In conclusion, Plaintiffs have met all the requirements to establish standing.

## II.     Plaintiffs Have Standing to Bring Claims On Behalf Of the Class.

As shown above, because plaintiffs have standing, a class action presents a valid case or controversy under article III. When "a named plaintiff has established individual standing to bring specific claims against a defendant in his or her own right," courts in this district allowed the plaintiff's nationwide class claims to proceed. *In re Checking Account Overdraft Litig.*, No. 1:09-MD-02036-JLK, 2016 WL 5848730, *3 (S.D. Fla. July 5, 2016). *See also Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1231 (S.D. Fla. 2015) (rejecting defendants' argument that named plaintiffs can only bring state-law claims on behalf of residents of their home states when "Plaintiffs . . . seek redress for what they allege to be common injuries suffered by [the class], nationwide," and ruling that "[t]he Court's consideration of the standing issue as a precursor to class certification is not compelled either by precedent, logic, or case management considerations").

Defendants' argument misconstrues existing law in this jurisdiction. The cases relied on by Defendants show that "each named plaintiff must have standing for his or herself" in a class action. *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987). However, they do not support the contention that a person can bring state-law claims only under the law of the state where the person resides.[3] In *In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365 (S.D. Fla. 2001), the court analyzed "each of the [indirect-purchasers]' state law claims separately," and ruled that "no named plaintiff suffered an injury giving rise to an antitrust claim in Arizona, Maine, Minnesota, Mississippi, New Jersey, New Mexico, North Carolina, North Dakota, South Dakota, or West Virginia." *Id.* at 1371. Clearly, dismissal of indirect purchasers' antitrust claims based on

---

[3] Defendants do not provide any specific arguments addressing any specific state-law claims with regard to Plaintiffs' standing to bring a claim on behalf of the classes. Assuming Defendants intended to address Plaintiffs' FDUTPA claim, their argument must fail because "residency" is not a pleading requirement under Florida law. Plaintiffs sufficiently plead a FDUTPA claim through allegations of the three required elements. *See* section V, *supra*.

specific state antitrust statutes is not dispositive of Plaintiffs' class claims here.[4] Nor does it support Defendants' position.

In *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302 (S.D. Fla. 2010), the court ruled that "each claim must have a named plaintiff with constitutional standing to assert it." *Id.* at 1325.[5] The same court in a later decision rejected a substantially similar argument to Defendants' here, and ruled that the argument was "[n]ot only [] contrary to established practice and highly inefficient, [but also] [']conflate[s] the issue of whether the named Plaintiffs have standing to bring their individual claims with the secondary issue of whether they can meet the requirements to certify a class under Rule 23, [as it] would in effect impose a requirement that, in a multistate class action involving state common law claims, there be a named plaintiff from every state.[']" *In re Checking Account Overdraft Litig.*, 2016 WL 5848730, at *4 (S.D. Fla. July 5, 2016) (citations omitted). Accordingly, Defendants' contention here should be rejected.

The rest of Defendants' authorities do not support their argument. *See Renzi v. Demilec (USA) LLC*, No. 12-80516-CIV, 2013 WL 6410708, at *3 (S.D. Fla. Dec. 9, 2013) (finding that "Plaintiff, and the Florida subclass, do have standing to pursue claims under the FDUTPA."); *Stone v. Crispers Restaurants, Inc.*, No. 06-cv-1086, 2006 WL 2850103, at *1–2 (M.D. Fla. Oct. 3, 2006) (finding the plaintiff "has failed to specify the Florida wage law that was allegedly violated by the Defendants' activities").

In conclusion, because Plaintiffs personally have standing to assert each claim, their class allegations are proper and should be sustained. Defendants' additional request to dismiss all claims "with prejudice" is baseless, and should also be rejected.

---

[4] The *Terazosin* court rejected the plaintiffs' argument that they "can bring claims [under those laws] in a representative capacity without personally having standing to assert them." *Terazosin*, 160 F. Supp. 2d at 1371. Plaintiffs here personally have standing to assert each claim.

[5] The court adjudicated a motion to dismiss fifteen separate complaints brought by plaintiffs "from different states and assert violations of consumer protection statutes in a number of different states." *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d at 1324. And, "[i]n certain instances, a plaintiff from one state asserts a consumer protection statute from another state; in which that plaintiff does not reside." *Id.* The court stated that "it is insufficient for Plaintiffs to assert that a certain state statutory claim in one Complaint should remain because a named plaintiff in another Complaint resides in that state." *Id.* at 1325. Here, Plaintiffs filed one complaint to assert claims that they personally have standing to assert.

III.     **Defendants' Violation of the Tire-Registration Law Gives Rise to Plaintiffs' Claims.**

Plaintiffs allege Defendants' violations of the tire-registration law formed the basis for their claims. Defendants argue violation of the National Traffic and Motor Vehicle Safety Act ("Safety Act") cannot support any claims. However, Defendants' cited authorities do not support this argument. Defendants also raise factual issues inappropriate for the Court to resolve in this motion.

A violation of federal law such as the tire-registration rule can support Plaintiffs' claims. For example, Florida courts have held that consumer-protection claims can be premised on violation of other statutes.[6]  Similarly, violation of another statute can provide the duty needed in a Florida negligence claim.[7]

Defendants misread the ruling in *Ayres v. Gen. Motors Corp.*, 234 F.3d 514 (11th Cir. 2000). In *Ayres*, buyers of used automobiles brought a state-law racketeering claim based on GM and a component manufacturer's failure to report a component defect as required by the Safety Act. *Id.* at 516. Rejecting the same argument made here by Defendants, the *Ayres* court stated, "**the Plaintiffs are correct that the lack of a private right of action under the Safety Act does not preclude them acting under a state law cause of action**." *Ayres*, 234 F.3d at 522 n.19 (emphasis added).[8] Thus, *Ayres* undermines Defendants' arguments and supports the theory of Plaintiff's state-law claims. *McCabe v. Daimler AG*, 948 F. Supp. 2d 1347, 1366 (N.D. Ga. 2013) is distinguishable for similar reasons. *See id.* at 1366 (acknowledging that a violation of the Safety

---

[6] *See State Farm Mut. Auto. Ins. Co. v. Performance Orthapaedics & Neurosurgery, LLC*, 315 F. Supp. 3d 1291, 1307 (S.D. Fla. 2018) (citing Fla. Stat. § 400.991 (2012)); *Cross v. Point & Pay*, 274 F. Supp. 3d 1289, 1297 (M.D. Fla. 2017) (citing Fla. Stat. § 817.41(1) (2017)); *Williams v. Delray Auto Mall, Inc.*, 916 F. Supp. 2d 1294, 1300 (S.D. Fla. 2013) (citing the Used Car Rule, 16 C.F.R. pt. 455, et seq.); *Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313, 1320 (S.D. Fla. 2004) (finding lack of buyer's guide on a used-car sale violated Federal Trade Commission rules).

[7] *See, e.g., Resnick v. Avmed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012) (noting that Florida law allows plaintiffs to derive the duty supporting a negligence claim from the violation of a statute); *Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1228 (S.D. Fla. 2010) (same).

[8] In so stating, the *Ayres* court cited *Lowe v. General Motors Corp.*, 624 F.2d 1373 (5th Cir. 1980), in which the Fifth Circuit explained that a state negligence case where a violation of the Safety Act was used as evidence of the defendant's negligence was *not* the same as an action to enforce the act's notification requirements. Not only is *Ayres*' reasoning instructive here, so is *Lowe*'s. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981, when the Eleventh Circuit was created from the division of the old Fifth).

Act could underlay state-law claims). Plaintiffs are bringing claims not under the Safety Act, but under other state and federal provisions, as well as common law.  For these reasons, Defendants' argument fails.

## IV.   Plaintiffs' Allegations Regarding Defendants' Conduct Satisfy The Pleading Standard.

Plaintiffs have sufficiently alleged that Defendants failed to comply with the tire-registration law. Notably, Defendants do not argue that they *did* comply with 49 C.F.R. § 574.8; instead, they argue Plaintiffs insufficiently alleged that they did *not* comply. This argument is misguided.

Defendants appear to argue that Plaintiffs must plead additional facts proving Defendants did not directly register the tires under 49 C.F.R. § 574.8(a)(1)(ii) or (iii). But Plaintiffs are not required to prove their case at the pleading stage. "[N]o part of the *Twombly-Iqbal* pleading standard requires a plaintiff to provide *evidence* for the factual allegations in a complaint before they are 'entitled to the assumption of truth' at the motion-to-dismiss stage." *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1197 (11th Cir. 2018); *see also Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1247 (11th Cir. 2016) (rejecting defendant's attempt to "jump[] ahead to a later stage of this case" by challenging plaintiff's evidence at the pleading stage); *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012) (reiterating that notice pleading does not require "hyper-technical" fact pleading and that courts must use "judicial experience and common sense" to construe allegations in a complaint). This is especially true when the required information is solely within Defendants' knowledge and control.[9]

Here, Plaintiffs plausibly allege that Defendants do not comply with *any* applicable parts of the registration rule. *See* Compl. ¶¶ 3, 7, 10, 14, 15, 37–39, 42–44. These allegations, combined with the fact that Defendants communicated nothing to them about registration, including making no reference on their invoices to direct registration of the tires with the tire manufacturers, makes

---

[9] *See, e.g., Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (explaining that Twombly "does not prevent a plaintiff from 'pleading facts alleged upon information and belief' where the facts are peculiarly within the possession and control of the defendant . . . or where the belief is based on factual information that makes the inference of culpability plausible"); *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) ("[W]e relax pleading requirements where the relevant facts are known only to the defendant.") (quoting *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995)), *cert. denied sub nom. Thompson v. Park*, 138 S. Ct. 642 (2018).

it plausible that Defendants did not comply with the law and that this is a uniform practice. Plaintiffs need access to direct communications between Defendants and the tire manufacturers to plead any more than this. Plaintiffs also need discovery to reveal whether the parent company, TBC, made a company-wide decision to not to follow the law, or whether TBC failed to investigate and monitor its local stores' compliance with the law in their business practice. Defendants are free to produce information in discovery about the methods by which they registered the tires.[10] Without more, Defendants are improperly asking this Court to determine a fact issue as to their partial or substantial compliance and, at the same time, are improperly asking this Court to decide that fact issue against Plaintiffs even though there is not one scintilla of evidence in the case record to that effect. Even if the plausibility standard is not eased due to Defendants' internal information being inaccessible to Plaintiffs, Plaintiffs have plausibly alleged at length that Defendants did not comply with 49 C.F.R. § 574.8(a)(1).

**V.      Plaintiffs Sufficiently Plead a FDUTPA Claim**

Plaintiffs bring claims under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUTPA"). For the reasons stated below, Defendants' motion to dismiss this claim should be denied.

**A.      Plaintiffs Have Properly Pled the Elements of a Claim under the FDUTPA**

The FDUTPA provides that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. Fla. Stat. § 501.204 (1). The FDUTPA must be construed liberally to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices." Fla. Stat. § 501.202(2). An aggrieved party harmed by a defendant's FDUTPA violations may seek damages and injunctive relief. *Bailey v. St. Louis*, 196 So. 3d 375, 382 (Fla. Dist. Ct. App. 2016). "The elements comprising a consumer claim for damages under FDUTPA are: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016) (citation omitted). Plaintiffs have sufficiently pleaded the three required elements.

---

[10] Plaintiffs served discovery requests on May 29, 2019, pursuant to *Scheduling Order and Order Referring Case to Mediation*, No. 9-19-cv-80121-RLR, Doc No. 28, at 1 (filed 5/24/2019). Defendants have not provided any responses or objections to the requests.

### 1.    Plaintiffs Have Pleaded Unfair and Deceptive Acts

Plaintiffs allege "Defendants sold millions of tires to Class Members without registering those tires with the tire manufacturer or providing Class Members with the tire-registration forms necessary to enable them to register the tires themselves." Compl. ¶7. Moreover, "[d]efendants' failure to comply with the tire registration requirements constitutes a misrepresentation that those tire sales comply with federal law, when they do not. Alternatively, non-registration constitutes an actionable representation by omission because it leaves Class Members with the false impression that they can be reached by the tire manufacturer in the event of a safety-related recall." Compl. ¶¶10–11. In addition, "[d]efendants' acts, omissions, misrepresentations, practices, and non-disclosures were unfair, deceptive, and fraudulent." Compl. ¶79.

Ignoring these allegations, Defendants argue Plaintiffs fail to state a FDUTPA claim because Plaintiffs are allegedly subject to a heightened pleading requirement. This argument has been rejected by courts in this district. *See e.g. Galstaldi v. Sunvest Communities USA, LLC*, 637 F. Supp. 2d 1045, 1058 (S.D. Fla. 2009) (Rule 9(b) does not apply to FDUTPA claims); *U.S. Bank N.A. v. Capparelli*, No. 13–80323–CIV, 2014 WL 2807648, at *5 (S.D. Fla. Jun. 20, 2014) (stating that "because . . . Rule 9(b) does not apply to FDUTPA claims, its requirements cannot serve as a basis to dismiss those claims."); *Harris v. Nordyne, LLC*, No. 14-CIV-21884, 2014 WL 12516076, at *4 (S.D. Fla. Nov. 14, 2014) (finding that "even where a FDUTPA claim includes allegations which implicate fraudulent conduct, it need not meet the heightened pleading requirements of Rule 9(b)"). As explained in *Harris*, and opinions issued by this District, the Court should reject Defendants' argument here. The two cases relied on by Defendants involved fraud-based claims that suffered from vague and conclusory allegations, and thus are inapposite. *See* Defs.' Br. at 10, 15. Assuming *arguendo* Rule 9(b) applied, Plaintiffs' allegations are still sufficient. Plaintiffs allege specific unfair trade practice and omissions by Defendants with specific time and place and identified contents and consequences of the unfair trade practice.[11] *See* Compl. ¶¶ 1–15; 40–46.

---

[11] The "who" is the Defendants. The "what" is Defendants' failure to register the tires or provide cards to Plaintiffs to register tires with the tire manufacturers. The "when" is at the time of sale or any time after the time of sale. The "where" is at Defendants' stores. The "why" is to conform with federal statutes, rules and regulations.

Defendants further argue their violations of 49 C.F.R. § 574.8(a)(1) do not constitute a violation of FDUTPA because "failure to comply with a record-keeping regulation simply does not constitute a misrepresentation." Defs.' Br. at 15. However, "[d]eception 'occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Machine Sys. USA, Inc.*, No. 04-60861-CIV, 2005 WL 975773, *8 (S.D. Fla. Mar. 4, 2005) (quoting *PNR, Inc. v. Beacon Prop. Mgmt. Inc.*, 842 So.2d 773, 777 (Fla. 2003)). By violating the tire-registration law and not disclosing that, Defendants violate FDUTPA. *See also Matthews v. Am. Honda Motor Co.*, No. 12–60630–CIV, 2012 WL 2520675, at **2-3 (S.D. Fla. June 6, 2012) (maintaining FDUTPA claim and finding that "Florida courts have recognized that a FDUTPA claim is stated where the defendant knowingly fails to disclose a material defect that diminishes a product's value"); *Davis v. Powertel, Inc.*, 776 So. 2d 971, 972 (Fla. Dist. Ct. App. 2000) (certifying class under FDUTPA where plaintiffs alleged defendant sold name-brand cell phones to subscribers without telling them the phones had been programmed to work only with defendant's wireless communication service).

Further, "[w]hether [specific] conduct constitutes an unfair or deceptive trade practice is a question of fact for the jury to determine." *State Farm Mut. Auto. Ins. Co. v. Performance Ortho. & Neurosurgery*, 278 F. Supp. 3d 1307, 1316 (S.D. Fla. 2017). Plaintiffs allege enough to support a plausible inference that Defendants violated 49 C.F.R. § 574.8(a)(1). Defendants point to nothing to the contrary. Nor do they deny any of the allegations. If accepted as true, Plaintiffs' allegations are more than sufficient to meet Plaintiffs' very modest pleading burden.

## 2.     Plaintiffs' Allegations of Causation and Damages are Sufficient.

In three sentences, Defendants contend Plaintiffs' pleading on causation and damages were "conclusory." Defs' Br. at 15-16. Defendants simply ignore allegations made in the Complaint. *See* Compl. ¶¶ 1–11, 40–46, 81. Had Plaintiffs known Defendants were selling tires without complying with safety law and regulations, they would not have bought the tires from Defendants. Similar allegations were found to be sufficient by courts in this district. *See e.g. Harris*, 2014 WL 12516076, at *7 (finding that Plaintiffs properly stated a FDUTPA claim when they "allege[d] that when class members bought their HVAC systems, they reasonably believed that they would function as intended; that Defendant concealed the corrosion defect that preluded that

functionality; and that, had the class members known about the defect, they would not have purchased or would have paid less for the systems"); *Matthews*, 2012 WL 2520675, at *3 ("Florida courts have recognized that a FDUTPA claim is stated where the defendant knowingly fails to disclose a material defect that diminishes a product's value.") (citation omitted).

Plaintiffs allege that Defendants sell tires to them and class members in violation of the law and Defendants' deceptive and unfair trade practices resulted in injury sustained by Plaintiffs and class members, Further, Plaintiffs and class members are threatened with further injury. "[W]hen buying tires, Class Members not only pay for the tires, but also pay the cost of Defendants' compliance with federal law[.]" Compl. ¶9; *see also id.* ¶¶ 11, 66, 75, 81, 82. This type of damage has been recognized by Florida courts and the Eleventh Circuit. *See Collins v. DaimlerChrysler Corp.*, 894 So. 2d 988, 991 (Fla. Dist. Ct. App. 2004) (finding that a plaintiff's "conten[tion] that she did not get what she bargained for" was sufficient for pleading "actual damage" under FDUTPA); *Carriuolo*, 823 F.3d at 987 (affirming certification of class action brought by consumers based on misrepresentation of safety ratings given by NHTSA, finding that "[t]he injury occurs at the point of sale because the false statement allows the seller to command a premium on the sales price").

### VI.    **Plaintiffs Properly Plead Unjust Enrichment.**

Under Florida law, the "elements of an unjust enrichment claim are 'a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.'" *Florida Power Corp. v. City of Winter Park*, 887 So.2d 1237, 1241 n.4 (Fla. 2004) (citation omitted). Here, Plaintiffs conferred a benefit on Defendants by purchasing tires from a store of Defendants that they trusted would comply with the law. The price of the tires included the costs associated with compliance with the law. Defendants reaped a benefit from Plaintiffs and class members when they accepted payment but chose not to comply with the law. "Defendants were unjustly enriched when [they] made extra sales during the time it would have taken to [comply with the law]. As a result of their unlawful conduct described above, Defendants have been and will continue to be unjustly enriched." Compl. ¶89. Plaintiffs have stated a claim of unjust enrichment under Florida law.

Defendants contend, with little support, that Plaintiffs allege "speculative" damages that

are not "measurable." Defs.' Br. at 16–17.[12] This contention raises factual disputes that should not be resolved in this motion.[13] Moreover, Defendants rely on an Eighth Circuit opinion that analyzed unjust enrichment under Arkansas law, which is inapplicable and irrelevant. Thus, Defendants have demonstrated no basis to dismiss Plaintiffs' unjust-enrichment claim here. Defendants' additional request to dismiss the claim "with prejudice" is baseless, and should also be rejected.

## VII.   Plaintiffs State Viable Claims For Breach of Implied Warranty and the MMWA.

Defendants breached the implied warranty of merchantability by marketing and selling "millions of tires" that were not fit for their ordinary purpose or legally merchantable. Compl. ¶¶7, 61–62. Merchantable tires are required to "pass without objection" in their "trade," be "fit for the ordinary purpose for which such good are used," and "conform to" their marketing representations. Va. Code Ann. § 8-2-314(2); U.C.C. § 2-314. Defendants intended for Plaintiffs and class members to buy and use the tires for normal driving. By failing to register tires with the tire manufacturer in accordance with 49 C.F.R. § 574.8, Defendants exposed Plaintiffs to a high risk of serious injury without their knowledge or consent, thereby breaching the implied warranty of merchantability. Compl. ¶¶4, 61. The Complaint describes how Defendants' failure to register tires consistent with their obligations under 49 C.F.R. § 574.8 presents serious risks and exposes consumers to foreseeable harm. *See* Compl. ¶¶ 6, 7, 22, 24, 29, 34.

The conclusion that Defendants' failure to register the tires amounts to a breach of the implied warranty of merchantability is supported by case law. In *Hubbard v. Dresser, Inc*., the Virginia Supreme Court held:

> Reason and common sense dictate that a pump manufactured for the purpose of dispensing petroleum products in a retail setting would of necessity be required to accurately register the amount of fuel being dispensed. And, it further follows that a pump manufactured for that purpose that failed to properly register the amount of fuel being dispensed would not "pass without objection in the trade" as it is not "fit for the ordinary purposes for which such goods are used … the allegations themselves are clearly adequate to state a claim for breach of the implied warranty of merchantability provided by Code § 8.2–314.

---

[12] It is unclear whether Defendants also contend that Plaintiffs fail to allege that they directly confer a benefit on Defendants. Assuming the contention existed, Plaintiffs' allegation of purchases from Defendants is more than sufficient to show that the benefit is conferred directly on Defendants.

[13] By way of example, a consumer survey and conjoint damages analysis have been used by this and other courts in a variety of contexts to inform the reasonable consumer liability standard and to determine the value of a misrepresentation to the plaintiffs and class.

624 S.E.2d 1, 5 (Va. 2006).

Here, Plaintiffs allege that Defendants' violation of the tire-registration law breached the implied warranty of merchantability under Va. Code Ann. § 8.2–314. Plaintiffs also cited a report by the National Transportation Safety Board that "while manufacturer-controlled tire dealers registered nearly *all* the tires they sold, only about *10%* of tires sold by Independent Tire Dealers are registered." Compl. ¶34 (emphasis added). As explained in *Hubbard*, it is not "necessary for the complaining party to plead with specificity the trade or industry standard for merchantability," and this Court should "decline [Defendants'] implicit invitation that [the Court] do so here." *Hubbard*, 624 S.E.2d at 5.

Similarly, the Fourth Circuit in *Carlson v. General Motors Corp.*, a case cited by Defendants, held:

> [T]he district court erred by ruling, solely on the basis of the pleadings, that GM's durational limitations on any and all and all implied warranties were both "reasonable" and "conscionable" as a matter of law. The court will be equipped to address that question only after plaintiffs have had an opportunity—whether in connection with a motion for summary judgment or at trial—to present evidence that, for example, they had no "meaningful choice" but to accept the limited warranties, or that the durational limitations "unreasonably" favored the defendant.

883 F.2d 287, 293 (4th Cir. 1989). Here, no evidence has been presented. Accordingly, Defendants' request for dismissal based solely on the pleadings should be rejected.

Defendants also cited *Hyundai Motor Co., Ltd. v. Duncan*, 766 S.E.2d 893 (Va. 2015). In that case, the court took an appeal "from a judgment entered on a jury verdict," and analyzed the issue of admissibility of "the opinion testimony of the [Plaintiff's] designated expert witness." *Id.* at 894. Thus, *Duncan* is inapposite here. Besides, Defendants fail to explain why cases concerning safety standards of automobiles or any other products unrelated to tires are dispositive of Plaintiffs' claims that allege a violation of the tire-registration law. *See* Defs.' Br. at 13–14.

Defendants' motion to dismiss the implied-warranty claims is without merit and, for the same reasons that Plaintiffs have stated a claim for breach of implied warranty, the MMWA claim likewise should go forward.

## VIII.   Plaintiffs Properly Plead Claims For Negligence And Negligence *Per Se*

The elements of a claim of negligence are a duty of care, breach of that duty, causation and damages. *Gibbs v. Hernandez*, 810 So.2d 1034, 1036 (Fla. Dist. Ct. App. 2002). In Florida, "a legal duty will arise whenever a human endeavor creates a generalized and foreseeable risk of harming others." *McCain v. Fla. Power Corp.*, 593 So.2d 500, 503 (Fla. 1992). The Florida Supreme Court has recognized four general sources from which such a duty may arise: "(1) legislative enactments or administration regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case." *Clay Elec. Co-op., Inc. v. Johnson*, 873 So.2d 1182, 1185 (Fla. 2003). Duty is a "*minimal* threshold legal requirement for opening the courthouse doors." *Wallace v. Dean*, 3 So.3d 1035, 1046 (Fla. 2009) (emphasis added). Plaintiffs allege that Defendants owe a duty of care as the seller of tires, Defendants breached that duty because they are aware of the registration requirements, yet neglect them, and, Defendants are the actual and proximate cause of the injuries to Plaintiffs. *See* Compl. ¶¶4, 7, 22, 24, 34. Thus, Plaintiffs properly plead a negligence claim under Florida law.

Plaintiffs also properly state a claim for negligence *per se* by alleging Defendants violated 49 C.F.R. § 574.8. "[U]nder Florida law, an action for negligence *per se* requires a plaintiff to show [']violation of a statute which establishes a duty to take precautions to protect a particular class of persons from a particularly injury or type of injury.[']" *Resnick*, 693 F.3d at 1325 (citations omitted). Plaintiffs were "of the class the statute was intended to protect, that [they] suffered injury of the type the statute was designed to prevent, and that the violation of the statute was the proximate cause of [their] injury." *Golden Shoreline Ltd. P'ship v. McGowan*, 787 So. 2d 109, 111 (Fla. Dist. Ct. App. 2001) (internal citations omitted).

Defendants first argue that Plaintiffs cannot rely on the existence of Defendants' statutory obligations under 49 C.F.R. § 574 to state any negligence claim. Defs' Br. at 17. However, the violation of such statutes establishing a duty of care constitutes *prima facie* negligence. *See Kohl v. Kohl*, 149 So.3d 127, 132 (Fla. Dist. Ct. App. 2014) ("Florida courts permit proof of a statutory violation to serve as *prima facie* evidence of negligence because the standard of conduct or care embraced within such [a] legislative . . . measure [] represent[s] a standard of at least reasonable care which should be adhered to in the performance of any given activity.") (alterations in original) (internal quotation marks omitted); *Florida Dept. of Corrections v. Abril*, 969 So.2d 201, 205 (Fla.

2007) ("The courts of Florida have long recognized that the violation of a statute may be utilized as evidence of negligence"). Further, 49 C.F.R. § 574 is a public-safety regulation created to protect and notify "purchasers," like Plaintiffs, "of defective or nonconforming tires … in the interest of motor vehicle safety." 49 C.F.R. 574.2 (emphasis added); *see also* NHTSA Final Rule (regulation will "assist consumers in identifying tires that may be the subject of a safety recall…increase public awareness")[14]. 49 C.F.R. § 574 is a "statute which establishes a duty to take precautions to protect." *deJesus v. Seaboard Coast Line R. Co.*, 281 So. 2d 198, 201 (Fla. 1973). Plaintiffs' injury is the type that the regulation seeks to prevent from occurring. Because Defendants' argument is baseless, it must be rejected.

Second, Defendants argue that Plaintiffs' factual allegations on Defendants' breach of the duty are not "sufficient." Defs' Br. at 17. Plaintiffs have addressed this argument. *See* Section IV, *supra*. *See also* Compl. ¶¶10; 38–39.

Third, Defendants argue that Plaintiffs' allegations of injury and causation are not "sufficient." Defs' Br. at 18. Plaintiffs have addressed this argument. *See* Section I. B., *supra*. Moreover, under Florida law, questions of proximate cause and whether a defendant's negligence was a substantial factor in causing injury are questions for the jury, unless reasonable people could not differ. *Simon v. Shearson Lehman Bros.*, 895 F.2d 1304, 1316 (11th Cir. 1990) ("Issues of causation are problematic and, under most circumstances, should be left to the jury"). Plaintiff's allegations are sufficient to support a finding that "prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." *McCain v. Fla. Power Corp.,* 593 So.2d 500, 503 (Fla.1992).

In conclusion, Defendants' motion to dismiss Plaintiffs' negligence and negligence *per se* claims should be denied.

## IX.  <u>Plaintiffs State A Viable Claim For Injunctive Relief</u>

The allegations of the Complaint establish "(1) irreparable harm; (2) a clear legal right; (3) an inadequate remedy at law; and (4) that the public interest will be served." *Weinstein v. Aisenberg*, 758 So. 2d 705, 706 (Fla. Dist. Ct. App. 2000), *dismissed*, 767 So. 2d 453 (Fla. 2000). Plaintiffs seek an injunction to prevent Defendants from selling unregistered tires, selling tires

---

[14]   https://one.nhtsa.gov/cars/rules/rulings/TireSafety/TireSafety.html (last accessed May 14, 2019).

without registering them with the manufacturer, and selling tires without providing registration cards to consumers. Compl. ¶¶107–113. The harms and risks faced by Plaintiffs and class members absent injunctive relief are imminent and irreparable. *Id*. at ¶¶29, 30, 26 (tires in Florida crash "had been recalled more than a year earlier"), ¶¶27–28. There is no other complete, speedy, and adequate remedy at law by which to prevent injury to the Class. Further, under FDUTPA, "[w]ithout regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part." Fla. Stat. § 501.211(1).

Unable to refute the violation of 49 C.F.R. § 574 or justify their extremely dangerous misconduct, Defendants suggest the injunctive relief sought by Plaintiffs is merely "within the purview of NHTSA," Defs.' Br.  at 18. Defendants mischaracterize the Complaint as seeking "injunctive relief to prevent future injury from a design defect in an automobile." *Id.* Defendants fail to show any ongoing or future NHTSA investigation (or recall) that would be disturbed by this Court's ability to hear this claim. Defendants also fail to show any forum where a tire seller's registration conduct is subject to federal oversight. *See Kent v. DaimlerChrysler Corp.*, 200 F. Supp. 2d 1208, 1219 (N.D. Cal. 2002) (concluding that "the Court does not find that the issues raised by Plaintiffs in this action need be addressed by NHTSA before this Court can consider them").

Plaintiffs state a viable claim for injunctive relief. Plaintiffs' injunctive claim requests that this Court enjoin Defendants from further misconduct in violation of the statute and to provide a method, manner, or means by which Plaintiffs and class members can confirm registration and the accuracy of the provided information.

## <u>CONCLUSION</u>

For the reasons explained above, Plaintiffs have met all procedural and substantive requirements to state their claims and therefore respectfully request that the Court deny Defendants' Motion to Dismiss.

## REQUEST FOR HEARING

Per L.R. 7.1(b)(2), Plaintiffs request oral argument, and suggest it would enable the Court to understand with even more precision Plaintiffs' claims, the parties' arguments on Defendants' motion, and why Defendants' motion should be denied.

Dated: June 25, 2019                               Respectfully submitted,


*/s/ Jordan L. Chaikin*
Jordan L. Chaikin
Florida Bar Number: 0878421
**CHAIKIN LAW FIRM PLLC**
12800 University Drive, Suite 600
Fort Myers, Florida 33907
Telephone: (239) 470-8338
Facsimile: (239) 204-2425
Email: jordan@chaikinlawfirm.com

Cuneo Gilbert & LaDuca, LLP
*/s/* Charles J. LaDuca
Charles J. LaDuca
Brendan S. Thompson
Yifei ("Evelyn") Li
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202)789-3960
charles@cuneolaw.com
brendant@cuneolaw.com
evelyn@cuneolaw.com

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
/s/ Robert K. Shelquist
Robert K. Shelquist, #021310X (MN)
Rebecca A. Peterson, #0392663 (MN)
Eric N. Linsk, #0388827 (MN)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
rapeterson@locklaw.com
RNLinsk@locklaw.com

The Kessler Law Firm PLLC
/s/ Chris Kessler
Christopher C. Kessler, #18696 (NC)
PO Box 8064
Greenville, NC 27835
(252) 321-2535

cck@kesslerlawfirmpllc.com

MCDOUGALL LAWFIRM, LLC
/s/ J. Olin McDougall, II
J. Olin McDougall, II, Esquire
Post Office Box 1336
115 Lady's Island Commons
Beaufort, South Carolina 29901-1336
(843) 379-7000
(843) 379-7007-Fax
lin@mlf.law

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court this 25th day of June 2019, by using the CM/ECF system which will send notice of electronic filing to all parties of record.

By:    /s/ Jordan L. Chaikin
Jordan L. Chaikin
Florida Bar Number 0878421
**CHAIKIN LAW FIRM PLLC**
12800 University Drive, Suite 600
Fort Myers, Florida 33907
Telephone: (239) 470-8338
Facsimile: (239) 433-6836
Email: Jordan@chaikinlawfirm.com

*Counsel for Plaintiffs*

22