# EXHIBIT A

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release[1] is entered into by and between Plaintiffs Bruce Exum and Emilie Palmer (collectively referred to as "Class Plaintiffs"), on behalf of themselves and the Settlement Class, on the one hand, and Defendants NTW, LLC, dba National Tire and Battery and TBC Corporation (collectively referred to as "Defendants"), on the other hand.

Class Plaintiffs and Defendants hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a Final Approval Order, all claims of Class Plaintiffs and all claims for injunctive relief of the Settlement Class Members in the action entitled *Exum v. National Tire and Battery* pending in the United States District Court for the Southern District of Florida, Case No. 9:19-cv-80121 Matthewman, will be forever and fully settled, compromised, and released upon the terms and conditions contained herein.

### RECITALS

WHEREAS, on January 29, 2019, Class Plaintiffs filed a putative class action in the United States District Court for the Southern District of Florida alleging that Defendants failed to comply with federal tire-registration requirements set forth in 49 C.F.R. 574.8;

WHEREAS, Class Plaintiffs' Complaint alleges claims for breach of implied warranty of merchantability, violation of the Magnuson-Moss Warranty Act, violation of the Florida Deceptive Unfair Trade Practices Act, unjust enrichment, common-law negligence, negligence per se, and injunctive relief;

WHEREAS, in an Order dated January 28, 2020, the Court issued an Order denying the Motion to Dismiss in part and Granting the Motion to Dismiss in part with a right to re-plead and has stayed the re-pleading deadline;

---

[1] Capitalized terms shall have the meaning and definitions set forth in Section 1 of this Agreement.

WHEREAS, the purpose of this Agreement is to settle and fully resolve all claims of the Class Plaintiffs and all claims for injunctive relief of the Settlement Class Members;

WHEREAS, Defendants deny all claims asserted in the Action and deny all allegations of wrongdoing and liability.  Defendants specifically deny that they engaged in any wrongdoing, deny that they are liable for damages, penalties, interest, attorneys' fees or costs, or any other remedy, and deny that any claim asserted by the Class Plaintiffs is suitable for class treatment other than for settlement purposes.  The Agreement is not and shall not in any way be deemed to constitute an admission or evidence of any wrongdoing or liability on the part of Defendants, nor of any violation of any federal, state, or municipal statute, regulation, or principle of common law or equity.  Defendants have agreed to settle the Action solely to avoid the burden, expense, and possible uncertainty of the Action;

WHEREAS, counsel for the Parties have conducted an extensive investigation of the facts and claims alleged in the Action, including, but not limited to, reviewing documents and data, serving and responding to written discovery requests, and taking multiple depositions;

WHEREAS, the Parties have engaged in extensive arm's-length negotiations, both through conferences directly between the Parties' counsel and with the assistance of a mediator. The Parties reached a settlement after jointly retaining the services of an experienced mediator, Rodney Max, Esq., and engaging in an adversarial in-person mediation sessions on two days and having telephonic mediated negotiation sessions in between the in-person sessions;

WHEREAS, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Action, if not settled now, might not result in any recovery for the Class Plaintiffs and the Settlement Class, or might result in a recovery that is less favorable than anticipated to the Class Plaintiffs and the Settlement Class, the Class Plaintiffs and Class Counsel are satisfied that the terms and conditions of the Settlement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Class Plaintiffs and the Settlement Class; and

WHEREAS, this Agreement is contingent upon approval of class certification for settlement purposes only. Defendants expressly reserve the right to challenge the propriety of class certification for any other purpose should the Court not approve the Agreement and Plaintiffs reserve all rights to re-plead claims dismissed in the Motion to Dismiss Order and pursue all remedies allowed by virtue of the Motion to Dismiss Order.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Action on the following terms and conditions:

## 1.   **<u>DEFINITIONS</u>**

The following definitions apply to this Agreement. Each defined term set forth above and herein appears throughout in initial capital letters and shall have the following meanings ascribed to them.

1.1     "Action" means *Exum v. National Tire and Battery*, pending in the United States District Court for the Southern District of Florida, Case No. 9:19-cv-80121 Matthewman.

1.2     "Agreement" means this Class Settlement Agreement and Release, which includes all its Recitals and all the attached Exhibits.

1.3     "Class Counsel" means Chaikin Law Firm PLLC, Cuneo Gilbert & LaDuca LLP, Lockridge Grindal Nauen PLLP, and McDougall Law Firm, LLC.

1.4     "Class Period" means the period from January 29, 2014 through the date the Court enters a Final Approval Order in this Action.

1.5     "Class Plaintiffs" means Bruce Exum and Emilie Palmer.

1.6     "Court" means the United States District Court for the Southern District of Florida.

1.7     "Defendants" means NTW, LLC dba National Tire and Battery, and TBC Corporation.

1.8     "Defendants' Counsel" means Seyfarth Shaw LLP.

1.9    "Effective Date" means the last of the following dates: (i) the expiration of five (5) business days after the time to file a motion to alter or amend the Final Approval Order under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of five (5) business days after the time in which to appeal the Final Approval Order has passed without any appeal having been filed; and (iii) if such motion to alter or amend is filed, or if an appeal is taken, five (5) business days after a final determination of any such motion or appeal that permits the consummation of the Settlement in accordance with the terms and conditions of this Agreement, and without further opportunity for either an appeal or Rule 59(e) motion.

1.10   "Fee Petition" means the petition for an award of fees and costs submitted by Class Counsel as provided for in Section 6.1 below.

1.11   "Final Approval" means the approval of the Agreement by the Court at or after the Final Approval Hearing, and entry on the Court's docket of the Final Approval Order.

1.12   "Final Approval Hearing" means the hearing at which the Court will consider arguments relating to deciding whether to approve this Settlement, and make such other rulings as are contemplated by this Agreement.

1.13   "Final Approval Motion" means the motion that Class Plaintiffs shall file seeking Final Approval.

1.14   "Final Approval Order" means the final order and judgment entered by the Court giving Final Approval to the Settlement and dismissing with prejudice the Class Claims of the Settlement Class and entering a judgment according to the terms set forth in this Agreement, in the form of Exhibit A hereto.

1.15   "Final Judgment" shall have the same meaning as Final Approval Order.

1.16   "Incentive Awards" means the payment made to the Class Plaintiffs for their service in this Action, as approved and directed by the Court.

1.17   "Judge" means any judge of the United States District Court for the Southern District of Florida, including the Honorable William Matthewman.

4

1.18    "Parties" means Class Plaintiffs and Defendants.

1.19    "Released Claims" means all claims to be released as set forth in Section 11 of this Agreement.

1.20    "Released Parties" means and refers to NTW, LLC dba National Tire and Battery, TBC Retail Group, Inc., and TBC Corporation, and each and all of their respective past, present, and future direct or indirect subsidiaries, parent companies, agents, affiliates, predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, including claims under any and all insurance policies, and estates, and each of the foregoing's respective past, present, and future officers, directors, attorneys, shareholders, indemnitees, predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, any and all insurance policies, members, agents, representatives, brokers, consultants, heirs, and assigns.

1.21    "Releasing Parties" means Class Plaintiffs and Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, partners, successors, predecessors-in-interest, assigns, any other person or entity claiming through them and, if relevant, any co-signer, co-buyer or co-borrower or guarantors.

1.22    "Settlement Class" means all persons in the United States and its territories who purchased a tire from Defendants or their company-owned subsidiaries during the Class Period for their personal use, rather than for resale or distribution, where Defendants did not provide them with a registration card, send in a card to the manufacturer for them, or electronically transmit their information to the tire manufacturer within 30 days of purchase. Excluded from this Class are Defendants' current or former officers, directors, employees, Defendants' parent entities, or any entity in which Defendants have a controlling interest; counsel for Plaintiffs and Defendants; and the judicial officer to whom this lawsuit is assigned.

1.23    "Settlement Class Member" means any person in the Settlement Class.

5

1.24   "Settlement Termination Date" means the date, if any, that any Party exercises its right to terminate this Agreement under the terms thereof.

1.25   "Tire Registration Database" means the computer database maintained by Defendants commonly referred to as "tsqldsp01.TireRegistration."

## 2.   <u>**SETTLEMENT PURPOSES ONLY**</u>

2.1   This Agreement is made for the sole purpose of settlement of the Action on a class-wide basis as to injunctive claims only. The settlement of the Action is expressly conditioned upon the entry of a Final Approval Order by the Court.

2.2   This Agreement, any negotiations or proceedings related hereto, the implementation hereof, and any papers submitted in support of the motions for approval hereof are not to be construed as or deemed to be evidence of any admission or concession by any of the Parties or any other person regarding liability, damages, or the appropriateness of class treatment, and are not to be offered or received in evidence in any action or proceeding for any purpose whatsoever; provided, however, that this Agreement and the settlement proceedings may be presented to the Court in connection with the implementation or enforcement of this Agreement, or as may be necessary or appropriate to further the purposes sought to be achieved by this Agreement.

2.3   By entering into this Agreement, it is understood that the Released Parties, including Defendant, do not admit and, to the contrary, expressly deny that they have breached any duty, obligation, or agreement; that they have engaged in any illegal, tortious, or wrongful activity; that they are liable to Releasing Parties, including Class Plaintiffs, any person in the Settlement Class or any other persons; and/or that any damages have been sustained by any Releasing Parties in any way arising out of or relating to the conduct alleged in the Action. Defendants expressly reserve all rights to challenge Releasing Parties' claims on all factual and procedural grounds, including but not limited to the assertion of any and all defenses.

2.4 Class Plaintiffs recognize and acknowledge the expense and amount of time that would be required to continue to pursue the Action against Defendants, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class. Class Plaintiffs have concluded that it is desirable that the Action and any Released Claims be fully and finally settled and released as set forth in this Agreement. Class Plaintiffs and Class Counsel believe that the terms set forth in this Agreement confer substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle as described herein.

## 3. **BENEFITS TO THE SETTLEMENT CLASS**

Defendants agree to the following injunctive relief for the benefit of the Settlement Class and other consumers. Defendants agree to implement each of the changes described herein no later than sixty (60) days after the Effective Date.

3.1 Defendants will include the following language on the receipt/Bill of Sale provided to consumers in connection with the purchase of tire-related goods or services:

In accordance with Federal Regulations, TBC retains information related to tire sales, including the consumer's name and address, the tire identification number, and the dealer's name and address. In the event of a tire recall, TBC will provide such information to the tire manufacturer so that the tire manufacturer can send you notice of a recall. If you would prefer to register your tires directly with the manufacturer, please ask the store representative for a tire-registration card.

3.2 In an attempt to verify the information stored in Defendants' Tire Registration Database, when a consumer purchases tire related goods or services from a retail store operated by Defendants, the store associate interacting with the consumer will be instructed to check available records to determine whether one or more of the tires on the vehicle were purchased from Defendants. If so, the associate will be instructed to review the information contained in Defendants' Tire-Registration Database regarding the vehicle in question and, to the extent necessary, take steps to update such information.

6.    <u>**ATTORNEYS' FEES, COSTS, AND EXPENSES TO CLASS PLAINTIFF**</u>

**6.1    Attorneys' Fees, Costs, and Expenses.**  Class Counsel will move the Court for an award of attorneys' fees, costs, and expenses, not to exceed $645,000 plus costs for the February 7, 2020 mediation, in total. The amount of attorneys' fees, costs, and expenses approved by the Court will be paid by Defendants within ten (10) days of the Effective Date, subject to prior receipt by Defendants of a completed W-9 form from the Cuneo firm (see section 1.3 Class Counsel).

**6.2    Payment to Class Plaintiffs.**  Class Plaintiffs will move the Court for and Incentive Award not to exceed $7,500 each for the time and effort they have invested in this Action (responding to discovery, being deposed, and attending both in-person mediation sessions), and for the benefits their efforts have provided to the Settlement Class. The Incentive Awards approved by the Court will be paid by Defendants within ten (10) days of the Effective Date, subject to prior receipt by Defendants of Class Plaintiffs' completed W-9 forms. The Class Plaintiffs agree to the releases set forth in Section 11 below, regardless of the amount of any Incentive Awards approved by the Court.

**6.3    Settlement Independent of Award of Fees and Incentive Awards.**  The payment of attorneys' fees, costs, expenses, and Incentive Awards set forth in Sections **6.1** and **6.2** above are subject to and dependent upon the Court's approval of this Agreement as fair, reasonable, adequate and in the best interest of Settlement Class Members. However, this Settlement is not dependent upon the Court's approving Class Counsel's and / or Class Plaintiffs' request for such payments or awarding the particular amounts sought by Class Counsel or Class Plaintiffs. In the event the Court declines Class Counsels' and / or Class Plaintiffs' requests or awards less than the amounts sought, this Settlement will continue to be effective and enforceable by the Parties.

7.    <u>**CONDITIONS OF SETTLEMENT**</u>

**7.1**    Performance of the obligations set forth in this Agreement is subject to all of the following material conditions:

8

(i)    Execution of this Agreement by Defendants, Class Plaintiffs, and Class Counsel;

(ii)    the granting of Final Approval by the Court; and

(iii)    Execution and entry of the Final Judgment by the Court.

The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth above, including, without limitation, timely filing of all motions, papers, and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or petition for writ proceedings by third parties seeking review of any Order contemplated by this Agreement.

## 8.    FINAL APPROVAL AND JUDGMENT ORDER

**8.1    Final Approval.** The Parties will request that the Court enter the Final Approval Order in substantially the same form attached as Exhibit A.

**8.2    Final Approval Order.** The Final Approval Order shall specifically include provisions that:

(a)    Finally approve the Settlement as fair, reasonable, and adequate;

(b)    Find that the Settlement Class Members have been adequately represented by Class Plaintiff and Class Counsel;

(c)    Certify the Settlement Class;

(d)    Confirm that Class Plaintiffs have released all claims and the Settlement Class Members have released all Released Claims for injunctive relief that are contemplated under this Agreement and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims for injunctive relief that are contemplated under this Agreement against the Released Parties;

(e)    Dismiss on the merits and with prejudice all claims of the Class Plaintiffs, dismiss on the merits and with prejudice all injunctive-relief claims of the Settlement Class Members, dismiss without prejudice all non-injunctive-

relief claims of the Settlement Class Members, and dismiss the Action, without costs to any party, except as provided in this Agreement;

**(f)**    Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

## 9.    **FINAL JUDGMENT**

The Judgment entered after the Final Approval Hearing shall be deemed final:

**9.1**    Thirty (30) days after entry of the Final Judgment approving the Settlement if no document is filed within the time seeking appeal, review or rehearing of the judgment; or

**9.2**    If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section 8 above.

## 10.    **DISMISSAL, NO ADMISSIONS AND PUBLICITY LIMITATIONS**

**10.1**    **Dismissal.**  Upon entry of the Final Approval Order, the Action will be dismissed with prejudice as to the Class Plaintiffs, with prejudice as to Settlement Class Members' injunctive-relief claims, and without prejudice as to all non-injunctive-relief claims of the Settlement Class Members.

**10.2**    **No Admission of Liability.**  Defendants expressly disclaim and deny any wrongdoing or liability whatsoever, and Defendants expressly deny all liability and wrongdoing of any kind associated with the alleged claims in the Action. This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by the Released Parties of any liability or wrongdoing and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.

**10.3**    **No Admission Under Federal Rule of Evidence 408.**  Pursuant to Federal Rule of Evidence 408 and any similar provisions under the laws of other states, neither this Agreement

nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as may be necessary to approve, interpret, or enforce this Agreement.

    **10.4**    **Public Statements.** This Agreement will be a public document filed with the Court. Notwithstanding, neither Class Plaintiffs, Defendants, nor their respective counsel will make any public statements regarding the Settlement prior to the filing of Class Plaintiffs' Motion for Final Approval. In addition, after the filing of Class Plaintiffs' Motion for Final Approval, neither Class Plaintiffs, Defendants, nor their respective counsel will make any public statements regarding the Settlement that include any facts not otherwise part of the public record and Court filings.

**11.**    **<u>RELEASE OF CLAIMS</u>**

    **11.1**    Upon Final Approval, the Class Plaintiffs, and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf, will be deemed to have and by operation of the Final Judgment will have irrevocably and unconditionally waived, released, and forever discharged the Released Parties from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, statutory, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in or that could have been asserted in the Action, whether known or unknown, that arise out of Defendants' policies and procedures related to the registration of tires sold to consumers.

    **11.2**    Upon Final Approval, the Class Members, and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf, will be deemed to have and by operation of the Final Judgment will have irrevocably and unconditionally waived, released, and forever discharged the Released Parties from any and all

injunctive-relief claims asserted in or that could have been asserted in the Action, whether known or unknown, that arise out of Defendants' policies and procedures related to the registration of tires sold to consumers. Class Member are not releasing their claims, if any, for monetary damages.

**11.3    Waiver of Unknown Claims.**  With respect to Sections 11.1 and 11.2 above, the release includes a waiver of any and all provisions, rights, and benefits conferred by California Civil Code § 1542 and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code § 1542, which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Class Plaintiffs (on behalf of themselves and the Settlement Class Members) and through Class Counsel expressly, knowingly, and voluntarily waives any and all provisions, rights, and benefits conferred by California Civil Code § 1542 and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code § 1542.

## 12.    TERMINATION OF AGREEMENT

**12.1    Either Side May Terminate the Agreement.**  Class Plaintiffs and Defendants have the right to unilaterally terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice") to all other Parties within ten (10) calendar days of any of the following occurrences:

**12.1.1** The Court rejects or declines to grant Final Approval of the Agreement;

**12.1.2** The Court requires that notice of the Settlement be provided to Settlement Class Members or others beyond the receipt statements contemplated by this Agreement;

**12.1.3** An appellate court reverses the Final Approval Order, and the Agreement is not reinstated without material change by the Court on remand; or

**12.1.4** The Effective Date does not occur.

### 12.2    Effect of Termination

If the Settlement does not become final and effective for any reason, including if any of the conditions described above occurs and any of the Parties properly elects to terminate the Settlement and the Settlement Agreement as a consequence, then:

**12.2.1** None of the terms of the Settlement Agreement will be effective or enforceable and the Settlement and the Settlement Agreement (including without limitation the class certification provisions thereof) will have no further force and effect;

**12.2.2** The Parties and their counsel shall not offer any of this Settlement Agreement in evidence or otherwise use any of them in the Litigation or any other proceeding for any purpose;

**12.2.3** Any Court orders, filings, or other entries on the Court's file that result from this Settlement shall be automatically set aside, withdrawn, and stricken from the record;

**12.2.4** This Settlement Agreement will be without prejudice to any Party, and is not to be construed as an admission;

**12.2.5** All Parties will automatically revert to their litigation positions as of March 11, 2020, and stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

## 13.    <u>MISCELLANEOUS</u>

### 13.1    **Governing Law**. The laws of the State of Florida govern this Agreement without regard to Florida's conflict-of-law analysis or other law which would result in the application of any other state's law.

### 13.2    **Evidentiary Preclusion.** In order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file the Agreement and/or the judgment in any action or proceeding that may be brought against them where all or part of the claim and/or relief is injunctive in substance or in nature.

**13.3     No Construction Against Drafter.** This Agreement was drafted jointly by the Parties and in construing and interpreting this Agreement, no provision of the Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**13.4     Entire Agreement.** This Agreement and exhibits hereto constitute the entire agreement between the Parties and supersede all prior understandings, agreements, or writings regarding the subject matter of this Agreement. No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement. This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court. The provisions of the Agreement may be waived only in a writing executed by the waiving party. The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

**13.5     Authority.** Each person executing this Agreement on behalf of any of the Parties hereto represents that such person has the authority to execute this Agreement.

**13.6     No Assignment.** No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

**13.7     Receipt of Advice of Counsel.** Class Plaintiffs and Defendants acknowledge, agree and specifically warrant that they fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understand the effect of this Agreement and the Releases. Each Party to this Agreement warrants that he, she, or it are acting upon their independent judgment and upon the advice of their own counsel and not in reliance upon any warranty or representation, express or implied, of any

nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

**13.8    Agreement Binding on Successors in Interest.**  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors, and assigns of the Parties.

**13.9    Execution in Counterparts.**  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

**13.10   Notices.**  Unless stated otherwise herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax, regular mail, or FedEx, postage prepaid, as follows:

<u>As to Class Plaintiff and Settlement Class:</u>

Jordan Chaikin
Chaikin Law Firm, PLLC
2338 Immokalee Road, Suite 170
Naples, FL 34110

Charles LaDuca
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Ave, NW, Suite 200
Washington, DC 20016

Robert K. Shelquist
Eric N. Linsk
Lockridge Grindal Nauen, PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

J. Olin McDougall, II
PO Box 1336
115 Lady's Island Commons
Beaufort, SC 29901-1336

<u>As to Defendant</u>:

Daniel Blouin
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703

**13.11   Time Periods.**  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**13.12   Resolution of Disputes.**   The Parties will cooperate in good faith in the administration of this Settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or by a mediator upon agreement of the Parties.

**13.13   Signatures.**  Any signature made and transmitted by facsimile, email, PDF, or other electronic methods for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by such electronic means.

**13.14   Cooperation between the Parties.** The Parties shall cooperate in good faith and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms. The Parties shall work together, diligently and in good faith, to obtain expeditiously a Final Approval Order, Final Judgment and dismissal.

**13.15   No claims arising from this Agreement.** No person shall have any claim against the Released Parties, Defendants, Defendants' Counsel, the Class Representatives, or Class Counsel based on actions made substantially in accordance with this Agreement or any Settlement-related order(s) of the Court.

**13.16   Continuing Jurisdiction.**   The Court shall retain jurisdiction over the interpretation and implementation of this Agreement.

**13.17   Waivers, modifications, and amendments to be in writing.** No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's Final Approval of this Agreement and the Settlement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval.  Any failure by any Party to insist upon the strict performance by the other Party or Parties of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

13.18 **Retention of Records.** Within 60 days after the Effective Date, Class Counsel, and Class Plaintiffs shall return to Defendants or destroy all confidential documents, data, and information, and all copies thereof in their possession, custody, or control, provided by Defendants to Class Counsel or anyone they employed or retained in the Action. Within 75 days after the Effective Date, Class Counsel shall deliver a letter to Defendants' Counsel certifying their compliance with this paragraph. Notwithstanding this provision, Class Counsel are entitled to retain an archival copy of all pleadings, motion papers, deposition and hearing transcripts, legal memoranda, correspondence, deposition exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential documents, data, or information. Class Counsel agree to maintain any such archival copies that contain or constitute confidential documents, data, or information subject to the Stipulated Protective Order entered in this case [Dkt. No. 42].

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed:

_____          Dated: _11 MAR_, 2020
Bruce Exum

_____          Dated: _____, 2020
Emilie Palmer


_____          Dated:_____, 2020
Jordan Chaikin
Chaikin Law Firm, PLLC
2338 Immokalee Road, Suite 170
Naples, FL 34110      .


_____          Dated: _____, 2020
Charles LaDuca
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Ave, NW, Suite 200
Washington, DC 20016


_____          Dated: _____, 2020
Robert K. Shelquist
Eric N. Linsk
Lockridge Grindal Nauen, PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401


_____          Dated: _____, 2020
J. Olin McDougall, II
PO Box 1336
115 Lady's Island Commons
Beaufort, SC 29901-1336

        Proposed Class Counsel

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed:

_____          Dated: _____, 2020
Bruce Exum

_Emilie Palmer_                      Dated: _3/11_, 2020
Emilie Palmer


_____          Dated: _____, 2020
Jordan Chaikin
Chaikin Law Firm, PLLC
2338 Immokalee Road, Suite 170
Naples, FL 34110


_____          Dated: _____, 2020
Charles LaDuca
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Ave, NW, Suite 200
Washington, DC 20016


_____          Dated: _____, 2020
Robert K. Shelquist
Eric N. Linsk
Lockridge Grindal Nauen, PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401


_____          Dated: _____, 2020
J. Olin McDougall, II
PO Box 1336
115 Lady's Island Commons
Beaufort, SC 29901-1336

　　　　Proposed Class Counsel

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed:

_____                    Dated: _____, 2020
Bruce Exum

_____                    Dated: _____, 2020
Emilie Palmer

_____                    Dated: 3/11, 2020
Jordan Chaikin
Chaikin Law Firm, PLLC
2338 Immokalee Road, Suite 170
Naples, FL 34110

_____                    Dated: _____, 2020
Charles LaDuca
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Ave, NW, Suite 200
Washington, DC 20016

_____                    Dated: _____, 2020
Robert K. Shelquist
Eric N. Linsk
Lockridge Grindal Nauen, PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

_____                    Dated: _____, 2020
J. Olin McDougall, II
PO Box 1336
115 Lady's Island Commons
Beaufort, SC 29901-1336

        Proposed Class Counsel

18

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed:

_____          Dated: _____ , 2020
Bruce Exum

_____          Dated: ___ . 2020
Emilie Palmer

_____          Dated: _____ , 2020
Jordan Chaikin
Chaikin Law Firm, PLLC
2338 Immokalee Road, Suite 170
Naples, FL 34110

_____          Dated: 3/11 , 2020
Charles LaDuca
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Ave, NW, Suite 200
Washington, DC 20016

_____          Dated: _____ , 2020
Robert K. Shelquist
Eric N. Linsk
Lockridge Grindal Nauen, PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

_____          Dated: _____ , 2020
J. Olin McDougall, II
PO Box 1336
115 Lady's Island Commons
Beaufort, SC 29901-1336

Proposed Class Counsel

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed:

_____          Dated: _____, 2020
Bruce Exum

_____          Dated: _____, 2020
Emilie Palmer


_____          Dated: _____, 2020
Jordan Chaikin
Chaikin Law Firm, PLLC
2338 Immokalee Road, Suite 170
Naples, FL 34110


_____          Dated: _____, 2020
Charles LaDuca
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Ave, NW, Suite 200
Washington, DC 20016

_____          Dated: March 11, 2020
Robert K. Shelquist
Eric N. Linsk
Lockridge Grindal Nauen, PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401


_____          Dated: _____, 2020
J. Olin McDougall, II
PO Box 1336
115 Lady's Island Commons
Beaufort, SC 29901-1336

                Proposed Class Counsel

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed:

_____     Dated: _____, 2020
Bruce Exum

_____     Dated: _____, 2020
Emilie Palmer

_____     Dated:_____, 2020
Jordan Chaikin
Chaikin Law Firm, PLLC
2338 Immokalee Road, Suite 170
Naples, FL 34110

_____     Dated: _____, 2020
Charles LaDuca
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Ave, NW, Suite 200
Washington, DC 20016

_____     Dated: _____, 2020
Robert K. Shelquist
Eric N. Linsk
Lockridge Grindal Nauen, PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

_____     Dated: 3/11, 2020
J. Olin McDougall, II
PO Box 1336
115 Lady's Island Commons
Beaufort, SC 29901-1336

          Proposed Class Counsel

18

NTW, LLC dba National Tire and Battery,
TBC Corporation, Defendants

Dated: __3/11__, 2020

Daniel Blouin
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448

Dated: __3/11__, 2020

Counsel for Defendants

62347820v.1

19