# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Bruce Exum, Jr. and Emilie Palmer, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>National Tire and Battery and TBC Corporation,<br><br>　　　　　　　Defendants. | Case No. 9:19-cv-80121-WM<br><br>**ORDER APPROVING CLASS SETTLEMENT AND GRANTING CERTIFICATION OF SETTLEMENT CLASS**<br><br>FILED BY ___ D.C.<br>APR 06 2020<br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S.D. OF FLA. – W.P.B. |

Based upon the unopposed submissions of counsel, this Court makes the following Findings of Fact and Conclusions of Law, grants preliminary approval of a class-action settlement, and certifies a settlement class under Fed. R. Civ. P. 23(b)(2).

## I.    Findings of Fact

Plaintiffs Bruce Exum, Jr. and Emilie Palmer ("Plaintiffs") allege in this case that Defendants' practices in selling tires to Plaintiffs and the putative class members violated 49 C.F.R. § 574.8(a)(1). This regulation, enacted by the National Highway Traffic Safety Administration ("NHTSA") to implement the federal Motor Vehicle Safety Act ("MVSA"), requires that independent tire dealers and distributors help ensure that tire purchasers' contact and tire information is transmitted to the tires' manufacturers, so that the manufacturers can reach purchasers in the event of a safety recall. Plaintiffs assert claims for breach of implied warranty of merchantability, unjust enrichment, common-law negligence, negligence per se, and violation of the Magnuson Moss Warranty Act and the Florida Deceptive and Unfair Trade Practices Act.

Relief sought in the Complaint includes an order by the Court certifying the case as a class action, plus, among other things, injunctive relief and attorneys' fees and costs.

Plaintiffs' action began with filing of their Complaint on January 29, 2019. [DE 1]. On May 28, 2019, Defendants filed a motion to dismiss. [DE 30]. On August 13, 2019, Plaintiffs filed a motion for class certification. [DE 49].

The Court ordered the Parties to engage in discovery while Defendants' motion to dismiss and Plaintiffs' motion for class certification were awaiting decision. Discovery activities eventually included production by Defendants of nearly 3,000 documents, motion practice on one discovery dispute, and depositions of the two Plaintiffs and of three of Defendants' current or former employees, including a partial deposition under Fed. R. Civ. P. 30(b)(6).

On October 2, 2019, in accordance with the provisions of 28 U.S.C. § 636(c), the Parties consented to the jurisdiction of Magistrate Judge William Matthewman to conduct and try the matter and order an entry of judgment. [DE 69]. The next day, the district court ordered the matter referred to Magistrate Judge Matthewman for all further proceedings. [DE 70]. On October 8, 2019, Magistrate Judge Matthewman issued a revised scheduling order to govern the case. [DE 75].

On January 28, 2020, the district court denied Defendants' motion to dismiss. The following week, the Parties resumed participation in a private mediation that they had begun in November 2019. On February 7, 2020, the Parties reached a full and final settlement of the dispute. The Court has stayed all pending deadlines while the Parties worked on finalizing the settlement. *See* [DE 92].

The proposed settlement defines the class as the following:

All persons in the United States and its territories who purchased a tire from Defendants or their subsidiaries during the Class Period for their personal use,

rather than for resale or distribution, where Defendants did not provide them with a registration card, send in a card to the manufacturer for them, or electronically transmit their information to the tire manufacturer within 30 days of purchase. Excluded from this Class are Defendants' current or former officers, directors, employees, Defendants' parent entities, or any entity in which Defendants have a controlling interest; counsel for Plaintiffs and Defendants; and the judicial officer to whom this lawsuit is assigned.

## II.     Conclusions of Law

### A.     Applicable legal standards

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval of any settlement agreement in a class action. *See* Fed. R. Civ. P. 23(e). This can involve "a two-step process: preliminary approval and a subsequent fairness hearing."[1] In the referenced two-step process, the parties submit the proposed settlement to the court for preliminary approval, along with any proposed notice to the class.[2] If the court grants preliminary approval, the second step of the process begins: notice is given to the class members of a final fairness hearing, at which time class members and the settling parties may be heard with respect to final court approval.[3] When notice is not required—a circumstance explained in greater detail below—then it follows that the court can approve the settlement without the preliminary step.

The decision whether to approve a proposed class action is "committed to the sound discretion of the district court."[4] In exercising this discretion, district courts are mindful of the "strong judicial policy favoring settlement as well as by the realization that compromise is the

---

[1] *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646-CIV, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010) (citing Manual for Complex Litigation ("MCL")).

[2] *Id.*

[3] *Id.* at *7.

[4] *See In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992).

3

essence of settlement."[5] This strong public policy is premised on the fact that complex class-action litigation like the instant case "can occupy a court's dockets for years on end, depleting the resources of the parties and the taxpayers while rendering meaningful relief increasingly elusive." *See U.S. Oil*, 967 F.2d at 493.

Because of the two distinct elements contained in this motion—class certification and approval of a class action settlement—two legal standards apply. Rule 23 of the Federal Rules of Civil Procedure applies to the class-certification motion:

> A class may be certified "'solely for purposes of settlement where a settlement is reached before a litigated determination of the class certification issue.'" *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1314 (S.D. Fla. 2005) (quoting *Woodward v. NOR-AM Chem. Co.*, 1996 WL 1063670 *14 (S.D. Ala. 1996)); *see also Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006). Whether a class is certified for settlement or for trial, the Court must find that the prerequisites for class certification under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are met.[6]

While the Court's class-certification analysis "may 'entail some overlap with the merits of the plaintiffs underlying claim,' Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage."[7] Rather, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."[8] "In determining whether the Rule 23 requirements have been

---

[5] *See Wm. Wrigley*, 2010 WL 2401149 at *2 n.1; *see also U.S. Oil*, 967 F.2d at 493 ("Public policy strongly favors the pretrial settlement of class action lawsuits.").

[6] *Burrows v. Purchasing Power, LLC*, 2013 WL 10167232, *1 (S.D. Fla. Oct. 7, 2013).

[7] *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013) (citations omitted).

[8] *Id.*

4

met for class certification purposes, . . . a district court does not address the merits of the claims."[9]

Parties seeking class-action certification must satisfy the four requirements of Federal Rule of Civil Procedure 23(a), "commonly referred to as numerosity, commonality, typicality and adequacy of representation."[10] To that end, Rule 23(a) is satisfied where:

- the class is so numerous that joinder of all members is impracticable;
- there are questions of law or fact common to the class;
- the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
- the representative parties will fairly and adequately protect the interests of the class.

*Id.* at 678.

In addition, Plaintiffs must satisfy one of the three prongs of Rule 23(b).[11] Here, Plaintiffs seek certification under Rule 23(b)(2), whose elements are met when Plaintiffs show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ."[12]

The purpose behind class actions is to eliminate the potential for repetitious litigation and provide small claimants a means of obtaining redress for claims too small to justify individual litigation.[13] Thus, "[d]oubts regarding the propriety of class certification should be resolved in

---

[9] *Drayton v. Western Auto Supply Co.*, 2002 WL 32508918, at *6 (11th Cir. Mar. 11, 2002) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)).

[10] *Rosen v. J.M. Auto, Inc.*, 270 F.R.D. 675, 677 (S.D. Fla. 2009) (citing *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613 (1997)).

[11] *Id.* at 678.

[12] Fed. R. Civ. P. 23(b)(2).

[13] *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 249 (3d Cir. 1975) ("Any resultant unfairness to the members of the class was thought to be outweighed by the purposes behind class actions:

5

favor of certification,"[14] as it is well established that class-action lawsuits were designed to be effective tools for deterring wrongdoing.[15] This case, involving a defendant's common practice and relatively small individual damages inflicted on large numbers of people, presents a classic example of appropriate circumstances for class certification.

B. **Plaintiffs have standing**

Though not found in the actual text of Rule 23, "[i]t is well-settled that prior to the certification of a class, and technically speaking before undertaking any formal typicality or commonality review, the district court must determine that at least one named class representative has Article III standing to raise each class subclaim."[16] "To have standing, a plaintiff must show: (1) an 'injury-in-fact,' (2) a causal connection between the alleged injury and defendant's challenged action, and (3) that 'the injury will be redressed by a favorable decision.'"[17] In denying Defendants' Motion to Dismiss, the Court concluded that the Complaint contains sufficient factual allegations regarding the requisite element of standing. [DE 84 at 8–14]. Plaintiffs have standing.

---

eliminating the possibility of repetitious litigation and providing small claimants with a means of obtaining redress for claims too small to justify individual litigation.").

[14] *Singer v. AT&T Corp.*, 185 F.R.D. 681, 685 (S.D. Fla. 1998).

[15] *See In re Checking Account Overdraft Litig.*, 830 F. Supp.2d 1330, 1355 n.24 (S.D. Fla. 2011) ("As one of Plaintiffs' experts opined, 'in small-stakes cases, the most important function of the class action device is not compensation of class members but deterrence of wrongdoing ... [and] if defendants did not pay someone—even third parties like cy pres charities—for such harms, then defendants would have every incentive to cause such harms in the future...'") (citation omitted; alterations in original).

[16] *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000).

[17] *Cty. of Monroe, Fla. v. Priceline.com, Inc.*, 265 F.R.D. 659, 666 (S.D. Fla. 2010) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)).

### C. Plaintiffs satisfy Rule 23(a)(1)–(4)

#### 1. Numerosity

Rule 23(a)(1) requires there be a sufficient number of class members to make joinder impracticable. "Under Rule 23(a)(1), the numerosity requirement is met if joinder of all members is impracticable. This requirement does not demand that joinder would be impossible, but rather that joinder would be extremely difficult or inconvenient."[18] While there is no hard and fast numeric requirement, "generally less than twenty-one is inadequate, more than forty adequate, with numbers in between varying according to other factors."[19] The "sheer number of potential class members may warrant a conclusion that Rule 23(a)(1) is satisfied."[20] "The Court may also consider factors such as the geographic diversity of the class members, the nature of the action, the size of each plaintiff's claim, judicial economy and the inconvenience of trying individual lawsuits, and the ability of individual class members to bring individual lawsuits."[21] The "sheer number of potential class members may warrant a conclusion that Rule 23(a)(1) is satisfied." *Diakos v. HSS Sys., LLC*, 137 F. Supp. 3d 1300, 1308 (S.D. Fla. 2015).

Here, Defendants' volume of sales and the number of purchases by the proposed Class is large enough to meet the numerosity standard. In their responses to interrogatories, Defendants stated that they had sold tires to more than a thousand customers each year during the relevant period. [DE 49-1] (responses to interrogatories 1, 2). Accordingly, numerosity is present here.

---

[18] *Israel v. Avis Rent-A-Car Sys., Inc.*, 185 F.R.D. 372, 377 (S.D. Fla. 1999).
[19] *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir.), *cert. denied*, 479 U.S. 883 (1986).
[20] *Rosen*, 270 F.R.D. at 680 (internal quotation marks and citation omitted).
[21] *Muzuco v. Re$ubmitlt*, 2013 WL 4566305, *6 (S.D. Fla. Aug. 28, 2013) (internal quotation marks omitted).

## 2. Commonality

Rule 23(a)(2) demands that there be "questions of law or fact common to the class."[22] This does not require that *all* the questions of law and fact raised by the dispute be common, or that the common questions of law or fact predominate over individual issues.[23] It requires only that "there be at least one issue whose resolution will affect all of a significant number of the putative class members."[24] The commonality requirement is thus a "low hurdle."[25] For purposes of Rule 23(a)(2), "[e]ven a single [common] question will do."[26]

This test is met here. In *Sharf v. Financial Asset Resolution, LLC*, the court found that "Plaintiff's contention that all class members received the same form collection letter is sufficient to establish commonality."[27] Here, similarly, there is a common issue because Plaintiffs and class members were subjected to the same tire-registration practices of the two Defendants, with no registration cards handed to customers and no tire-registration information transmitted by Defendants (either in paper or electronic form) to the manufacturers within 30 days as required by 49 C.F.R. § 574.8(a)(1). Commonality is satisfied.

## 3. Typicality

Rule 23(a)(3) requires that the claims of the representative party be typical of the claims of the class. "A class representative must possess the same interest and suffer the same injury as the

---

[22] Fed. R. Civ. P. 23(a)(2).

[23] *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009) (internal quotation marks and citations omitted).

[24] *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009).

[25] *Id.* at 1356.

[26] *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 359 (2011).

[27] 295 F.R.D. 664, 669–70 (S.D. Fla. 2014) (citing *Klewinowski v. MFP, Inc.*, No. 8:13-cv-1204-T-33TBM, 2013 WL 5177865, at *2 (M.D. Fla. Sept. 12, 2013)).

8

class members in order to be typical under Rule 23(a)(3). Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large."[28] Typicality is present when the claims arise from the same "event or pattern and are based on the same legal theory."[29] The typicality test "is not demanding."[30]

Courts' analysis of typicality and commonality are often merged; however, the Eleventh Circuit has "distinguished the two concepts by noting that, traditionally, commonality refers to the group characteristics of the class as a whole, while typicality refers to the individual characteristics of the named plaintiff in relation to the class."[31]

Again, Plaintiffs satisfy this standard. Their claims are typical of the class. They are members of their proposed Class and have suffered the same alleged injury—failure of Defendants to follow the applicable tire-registration rule so that they can be reached by tire manufacturers. The Court finds that the typicality prong is met.

### 4. Adequacy

The final requirement of Fed. R. Civ. P. 23(a)(4) is that the representative parties will fairly and adequately protect the interests of the class. "Rule 23(a)(4) requires that the representative party in a class action 'must adequately protect the interests of those he purports to represent.'"[32] There are two distinct questions: (1) Will the class representative(s) adequately prosecute the

---

[28] *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008) (citations, internal quotation marks and brackets omitted).

[29] *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984).

[30] *In re Disposable Contact Lens Antitrust Litig.*, 170 F.R.D. 524, 532 (M.D. Fla. 1996).

[31] *Vega*, 564 F.3d at 1275 (citation, internal quotation marks and brackets omitted). *See also Sharf*, 295 F.R.D. at 670 ("The Court agrees with Plaintiff that the sending of form debt collection letters demonstrates typicality.").

[32] *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (citing *Phillips v. Klassen*, 502 F.2d 362, 365 (D.C. Cir. 1974)).

action, and (2) is there any substantial conflict of interest between the representatives and the class.[33] Here, the answer to both questions is "yes." Plaintiffs' claims are identical to the other members of the class and they seek no preferential treatment. Their interests are not antagonistic to those of the class.[34]

As to counsel's adequacy, "[a]bsent specific proof to the contrary, the adequacy of class counsel is presumed."[35] Some authorities even state that the burden is on the defendant to prove that plaintiff's counsel is not adequate.[36] Here, Plaintiffs' counsel has submitted a declaration that demonstrates adequacy. The Court finds adequacy met.

D. **Plaintiffs satisfy Rule 23(b)(2)**

Besides satisfying all of the elements of Fed. R. Civ. P. 23(a), Plaintiffs must satisfy one of the three prongs of Fed. R. Civ. P. 23(b). Here, Plaintiffs meet the requirements of Fed. R. Civ. P. 23(b)(2).

---

[33] *See Valley Drug*, 350 F.3d at 1189.

[34] Although Defendants earlier objected to Emilie Palmer's typicality as a class representative because she is the mother of Plaintiff's counsel Christopher C. Kessler, this does not foil typicality. First, Palmer demonstrated no conflict with the class interests in litigating this case. Second, even if Palmer were considered to have a conflict making her atypical, Exum would be sufficient as the remaining class representative. "To meet the typicality requirement, there must be at least one class representative who has been injured by and has a claim against each and every defendant." 5 Moore's § 23.24(6)(a) & n.17 (citing *Thompson v. Bd. of Educ. of Romeo Cmty. Schs.*, 709 F.2d 1200, 1204–05 (6th Cir. 1983); *Freeman v. Delta Airlines, Inc.*, No. 215CV160WOBCJS, 2019 WL 2495471, at *17 (E.D. Ky. June 14, 2019).

[35] *Diakos*, 137 F. Supp. 3d at 1309 (quoting *In re Seitel, Inc. Sec. Litig.*, 245 F.R.D. 263 (S.D. Tex. 2007)).

[36] *E.g.*, *Ballan v. Upjohn Co.*, 159 F.R.D. 473, 487 (W.D. Mich. 1994). *Cf. Walton v. Franklin Collection Agency, Inc.*, 190 F.R.D. 404, 410 (N.D. Miss. 2000) ("While the burden in a class certification motion is on the Plaintiffs, the adequacy of the putative representatives and of Plaintiffs' counsel is presumed in the absence of specific proof to the contrary.") (internal citations omitted).

A class may be certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."[37]

Under the circumstances of the proposed settlement (discussed below), certification under Rule 23(b)(2) makes sense. Here, Plaintiffs have achieved a significant change in Defendants' practices that will protect tens of thousands of drivers and their passengers, and perhaps even more than that, by making tire purchasers reachable by tire manufacturers in the event their tires are recalled. This is typical 23(b)(2) relief.

### E. The Court appoints the proposed law firms as class counsel

Under Fed. R. Civ. P. 23(g), "a court that certifies a class must appoint class counsel." In this case, Plaintiffs request that the Court appoint their attorneys as class counsel: Chaikin Law Firm PLLC; Cuneo Gilbert & Laduca, LLP; Lockridge Grindal Nauen PLLP, and McDougall Law Firm, LLC. In appointing class counsel, the Court must consider the following factors:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.[38]

Here, proposed Class Counsel thoroughly investigated the claims and background concerning Plaintiffs' tire purchases before filing their Complaint, filed a substantive opposition

---

[37] Fed. R. Civ. P. 23(b)(2); *see also Holmes v. Continental Can Co.*, 706 F.2d 1144, 1155 (11th Cir. 1983) ("[T]he claims contemplated in a [Rule 23](b)(2) action are *class* claims, claims resting on the same grounds and applying more or less equally to all members of the class.") (emphasis in original).

[38] Fed. R. Civ. P. 23(g)(1)(A).

to Defendants' motion to dismiss and overcame the motion, and engaged in discovery as quickly as possible. As demonstrated in the exhibits to Plaintiffs' motion, proposed Class Counsel have served and successfully litigated as lead counsel or co-counsel in numerous similar consumer class actions, and have demonstrated their understanding of Florida and federal law in their motion-to-dismiss briefing. Proposed Class Counsel have devoted a significant amount of time to this case and achieved an excellent outcome for Plaintiffs, Class members, and the public. Plaintiffs' attorneys have demonstrated that they are very capable of prosecuting this action. The Court appoints Plaintiffs' proposed attorneys as class counsel.

### F. The Court approves the settlement

#### 1. The proposed settlement

The proposed settlement of this case has three distinct components: *First*, under the terms of the settlement, Defendants have agreed to change their tire-registration practices as of the date agreed upon in the Parties' settlement agreement. The Rule 23(b)(2) Relief contemplates that Defendants will either hand a paper tire-registration card to tire purchasers, or else if Defendants contemplate directly transmitting purchasers' information to tire manufacturers on paper or by electronic means, then including a statement on purchasers' invoices notifying them of Defendants' alternate transmission method. *Second*, Defendants have agreed to pay an incentive award of $7,500 to each of the two class representatives. *Third*, Defendants will pay fees and costs to Plaintiffs' counsel totaling $645,000, plus costs for the mediation held February 7, 2020 in Miami, Florida with mediator Rodney Max.

In reviewing the Motion and proposed Settlement Agreement for approval, this Court must determine whether it is within the range of fair, reasonable and adequate. *Manual for Complex Litig.* § 30.41. A district court has broad discretion with respect to the approval of class-action

settlements, and the court's decision is reviewed for an abuse of discretion. *See e.g., In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1329 (S.D. Fla.2001) (Middlebrooks, J.). The court, however, "should always review the proposed settlement in light of the strong judicial policy that favors settlements." *Id.* (internal citation omitted).

Where, as here, the proposed settlement is the result of serious, arms'-length negotiations between the parties, has no obvious deficiencies, falls within the range of possible approval, achieves favorable outcomes for plaintiffs and the class, and does not grant preferential treatment to Plaintiffs or other segments of the class, courts generally grant approval.[39]

This case satisfies all of these standards. The value of the injunctive relief alone, involving substantial changes to Defendants' tire-registration practices, which will in turn lessen alleged dangers and property damage to Plaintiffs, the Class, and the public, warrants approval.

### 2. Notice

When the proposed class settlement is under Rule 23(b)(2), notice to the class is not required when, as in this case "there is cohesiveness or unity in the class and the representation is effective..."[40] Notably, in its comments on the 2003 amendments to Rule 23, the advisory committee observed that the "cost of providing notice [in a (b)(2) class] could easily cripple actions that do not seek damages."[41] Thus, the 2003 committee concluded that the court "may decide not to direct notice after balancing the risk that notice costs may deter the pursuit of class relief against the benefits of notice."[42] Courts have decided not to require notice to a class in Rule 23(b)(1) or

---

[39] *See, e.g., Williams Foods, Inc. v. Eastman Chem. Co.*, 2001 WL 1298887, *3–5 (D. Kan. Aug. 8, 2001).

[40] 7B *Fed. Prac. & Proc. Civ.* § 1793 (3d ed.), Orders Relating to the Conduct of Class Actions— Protecting the Members of the Class: Notice (citing advisory committee note).

[41] Advisory Committee Notes on Rules, 2003 amendment.

[42] *Id.*

13

23(b)(2) suits for various reasons, including when its members were too numerous. *Id.*[43] Notice has been held not necessary in (b)(1) or (b)(2) class actions where class members could be or were notified by other means.[44]

Here, there is cohesiveness and unity in the class in that all were purchasers of tires from Defendants and were affected essentially the same way by Defendants' tire-registration practices. Additionally, the Class Members' representation by Plaintiffs and Plaintiffs' counsel has been effective. Therefore, no formal notice is necessary. Notice also will be essentially achieved by Defendants' changed practices to notify tire purchasers on their invoices that Defendants have directly registered the tires with manufacturers. Finally, pursuant to 28 U.S.C. § 1715, Defendants have provided the requisite CAFA Notice of this Class Action Settlement to the applicable federal and state officials, further ensuring protections for the Class.

### III. Order

A. The Court certifies the following class under Federal Rule of Civil Procedure 23(b)(2):

> All persons in the United States and its territories who purchased a tire from Defendants or their subsidiaries during the Class Period for their personal use, rather than for resale or distribution, where Defendants did not provide them with a registration card, send in a card to the manufacturer for them, or electronically transmit their information to the tire manufacturer within 30 days of purchase. Excluded from this Class are Defendants' current or former officers, directors, employees, Defendants' parent entities, or any entity in which Defendants have a controlling interest; counsel for Plaintiffs and Defendants; and the judicial officer to whom this lawsuit is assigned.

---

[43] *See Childs v. U.S. Bd. of Parole*, 511 F.2d 1270, 1276 (D.C. Cir. 1974) (affirming decision that notice provision did not apply as to (b)(2) class) (citing *Eisen*, 417 U.S. at 177 n. 14); *Leist v. Shawano Cty.*, 91 F.R.D. 64, 69 (E.D. Wis. 1981) (notice to certain members of class not required "because they are just too numerous"); *Mungin v. Fla. E. Coast Ry. Co.*, 318 F. Supp. 720, 732 (M.D. Fla. 1970) (perceiving "no requirement nor authority" justifying notice to class), *aff'd*, 441 F.2d 728 (5th Cir. 1971);.

[44] *See* 6A Fed. Proc. L. Ed. § 12:308, *Due-process requirements*.

B.  The Court approves the class action settlement arrived at by the Parties, the terms of which are described in the Parties' submissions.

C.  Pursuant to 28 U.S.C. § 1715, Defendants have provided the requisite CAFA Notice of this Class Action Settlement to the applicable federal and state officials, and at least 90 days have passed as required by 28 U.S.C. § 1715(d).

D.  Any further proceedings as to the merits of this Litigation remain stayed and suspended, and the Court will defer ruling on any pending motions until further order of this Court; and pending final determination of the fairness, reasonableness, and adequacy of the settlement set forth in the Settlement Agreement, no Class Member, either directly, representatively, or in any other capacity, shall institute, commence, or prosecute against Defendants any of the Released Claims in any action or proceeding in any court or tribunal.

**Done and ordered** at West Palm Beach, Florida, on April 6, 2020.

William Matthewman
United States Magistrate Judge