UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Bruce Exum, Jr. and Emilie Palmer, individually and on behalf of all others similarly situated,<br><br>                           Plaintiffs,<br>v.<br><br>National Tire and Battery and TBC Corporation,<br><br>                           Defendants. | Case No. 9:19-CV-80121-WM<br><br>Hon. William Matthewman |

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES TO PLAINTIFFS' COUNSEL AND PAYMENT OF SERVICE AWARD TO REPRESENTATIVE PLAINTIFFS**

**I.     Introduction**

Since early 2019, Class Counsel have handled this litigation, in the face of a stout defense and significant risk, dedicating their time, money and energy on behalf of individuals who purchased tires from National Tire and Battery and TBC Corporation ("Defendants") without having their contact information transmitted to the manufacturer of their tires in violation of 49 C.F.R. § 574.8(a)(1) (a regulation enacted by the National Highway Traffic Safety Administration ("NHTSA") to implement the federal Motor Vehicle Safety Act ("MVSA")).[1] As a result, the manufacturers could not reach the tire purchasers in the event of a safety recall. Class Counsel have vigorously litigated this case and have labored to achieve a settlement where Defendants have agreed to change their tire-registration practices: Defendants agreed to include a statement on

---

[1] Unless otherwise noted, capitalized terms in this memorandum shall have the same definition as used in the Settlement Agreement.

purchasers' invoices notifying them of Defendants' transmission of tire purchasers' information to the manufacturers and to provide a paper tire-registration card to tire purchasers if requested. The Settlement is fair, reasonable, offers real and substantial benefits, including future safety protections to Settlement Class Members, and is the direct result of the efforts of Class Counsel.

Class Counsel have handled this litigation on a purely contingent basis and have advanced all costs to prosecute these claims. In doing so, Class Counsel invested tens of thousands of dollars in time and expense to secure the benefits provided in the Settlement before the Court. Class Counsel now seek approval of (1) an award of $645,000 in attorneys' fees and costs for their efforts to investigate, litigate, and secure the Settlement here; and (2) $7,500 as incentive awards for each of the two class representatives for the time and effort they invested in this action. Defendants do not oppose this application. The fact that the requested fees were negotiated between the parties under the oversight of mediator Rodney Max also supports approval of Plaintiffs' request. *See* Declaration of Rodney A. Max (supporting settlement) (Exhibit B); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, [class] litigants will settle the amount of a fee.").

The fees sought are fair and reasonable. Class Counsel's lodestar to date already exceeds the fees being requested. The fees being sought are appropriate in light of the risk Class Counsel undertook and the results achieved. Class Counsel achieved a good result in a risky and complex case against a strong opposition and with no assurance that they would be compensated for the time and expenses they advanced in this litigation.

The fees and expenses are reasonable because the result of the litigation changes future conduct of the Defendants for the benefits the Class members. In light of the results achieved by this Settlement, the requested fee award is reasonable and well within the range of awards routinely granted in similar cases.

For the reasons stated herein and the exhibits hereto incorporated by reference, the requested attorneys' fees, expense reimbursement, and service awards are fair, reasonable, and appropriate. This motion should be approved.

## II.     Factual Background

**1.     The Parties' Agreement on Attorneys' Fees, Expenses, and the Incentive Award**

Defendants have agreed to pay $645,000 in reimbursement of fees and expenses, to the extent approved by the Court, to compensate Class Counsel for fees accrued and costs related to the prosecution of this case. *See* Class Action Settlement and Release (ECF No. 95-1) ("Settlement Agreement"). Defendants further agreed to provide an incentive award of $7,500 each to the Class Representatives, to the extent approved by the Court, for their involvement in representing the Settlement Class Members. Settlement Agreement at §6.2.

**2.     Plaintiffs' Counsel's Time and Expenses Related to this Litigation and Settlement**

Since its inception, this litigation involved much pre-suit investigation and legislative history research before a class complaint was filed. Following commencement of the litigation, Class Counsel reviewed thousands of pages of documents, assembled and served 11 third-party subpoenas, arranged and conducted depositions, engaged in motion practice (including bringing a motion to compel discovery opposing a motion to dismiss and preparing and filing a class certification motion); worked toward a resolution, and participated in a mediation in Miami with mediator Rodney Max. *See* Declaration of Brendan S. Thompson in support of the Plaintiffs' Unopposed Motion for An Award of Attorneys' Fees and Reimbursements of Expenses to Plaintiffs' Counsel and Payment of Service Award to Representative Plaintiffs ("Thompson Fee Dec.") (Exhibit A).

The litigation expenses Class Counsel incurred include the following: (1) filing fees; (2) copying, mailing, and messenger expenses; (3) computerized legal research expenses; (4)

deposition expenses; (5) travel expenses; and (6) mediation expenses. *Id.* The combined cumulative lodestar for the firms prosecuting this action is $1,176,432.50.[2] *Id.* Class Counsel have collectively incurred $56,260.37 in unreimbursed expenses, and have billed 2,127.80 contingency fee hours on this case. *Id.*

3.  **Class Representative Incentive Awards**

The Class Representatives are active representatives who have been dutifully engaged in the litigation. The representatives have shown the willingness and ability to take an active role in the litigation and to protect the interests of the absent class members. The representatives participated in discovery and depositions. Defendants have agreed to pay $7,500 as incentive awards to the Named Representatives, subject to approval by the Court.

4.  **The Settlement's Benefits**

Pursuant to the Settlement Agreement, Defendants will include the following language on the receipt/Bill of Sale provided to consumers in connection with the purchase of tire-related goods or services:

> In accordance with Federal Regulations, TBC retains information related to tire sales, including the consumer's name and address, the tire identification number, and the dealer's name and address. In the event of a tire recall, TBC will provide such information to the tire manufacturer so that the tire manufacturer can send you notice of a recall. If you would prefer to register your tires directly with the manufacturer, please ask the store representative for a tire-registration card.

Settlement Agreement at § 3.1. In an attempt to verify the information stored in Defendants' Tire Registration Database, when a consumer purchases tire related goods or services from a retail store operated by Defendants, the store associate interacting with the consumer will be instructed to check available records to determine whether one or more of the tires on the vehicle

---

[2] *See* tables and exhibits attached to Thompson Fee Dec. (reflecting lodestar and expenses of Class Counsel).

were purchased from Defendants. If so, the associate will be instructed to review the information contained in Defendants' Tire-Registration Database regarding the vehicle in question and, to the extent necessary, take steps to update such information. Settlement Agreement at § 3.2.

### III.     The Fees, Expenses, and Service Awards Sought Here Are Reasonable and Justified.

Rule 23(h) of the Federal Rules of Civil Procedure provides that in a class action settlement, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Federal Rule of Civil Procedure 23(h). "Settlements of complex cases contribute greatly to the efficient utilization of scarce judicial resources, and achieve the speedy resolution of justice." *Turner v. Gen. Elec. Co.*, 2006 WL 2620275, at *2 (M.D. Fla. Sept. 13, 2006) (citation omitted). Here the Defendants have agreed to pay fees and expenses in this case of $645,000.00, which is less than Class Counsel's collective lodestar for the substantive work conducted here (winning in part a motion to dismiss, litigating a class certification motion, engaging in substantive and written discovery and depositions practice, and mediating this case). As this Court recognized a few months ago, Class Counsel "achieved an excellent outcome for plaintiffs." *See* Order Approving Class Settlement and Granting Certification of Settlement Class, Apr. 6, 2020 at p. 11 (ECF No. 98).

### 1.     The Fee Request Should be Evaluated Using the Lodestar Method.

"The Eleventh Circuit has adopted the lodestar method for determining reasonable attorneys' fees. The lodestar method consists of determining the reasonable hourly rate, and multiplying that number by the number of hours reasonably expended by counsel." *Edmunds v. Levine*, No. 05-21215-CIV, 2009 WL 1012193, at *3 (S.D. Fla. Apr. 15, 2009) (citations omitted). *See also Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam)

5

(stating that "[t]he starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate[]" and "there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve."); *Burgos v. SunTrust Bank, N.A.,* No. 13-21197-CIV, 2020 WL 2299937, at *7 (S.D. Fla. Mar. 31, 2020), *report and recommendation adopted*, No. 13-21197-CIV, 2020 WL 2299936 (S.D. Fla. May 7, 2020) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("This method allows for a reasonable estimate of the value of an attorney's service because the movant submits evidence 'supporting the hours worked and rates claimed.'").

"In determining whether the lodestar is reasonable, [']the [district] court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[']" *Ela v. Destefano*, 869 F.3d 1198, 1203 (11th Cir. 2017) (citing *Bivins,* 548 F.3d at 1350). *Johnson* includes 12 factors which Class Counsel has satisfied: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Johnson*, 488 F.2d at 717-19.

1. <u>The Settlement meets the time and labor requirement</u>.

The time and labor expended by Plaintiffs' Counsel in this litigation was substantial. The number of hours expended was reasonable and necessary in properly prosecuting the case. Plaintiffs' Counsel investigated and brought complicated statutory claims concerning complex

regulations and legislative history in their complaint, successfully opposed Defendants' motion to dismiss, engaged in substantive discovery and conducted depositions, prepared and filed a motion for class certification, and mediated the case against a well-prepared and highly skilled and experienced adversary. The settlement of this dispute was the result of extensive, difficult, and complex arm's-length negotiations, including two mediation sessions before Rodney Max. This case involved a comparable amount of work and skill.

The following represents the fees and costs in this matter from inception until May 26, 2020.

The law firm of Cuneo Gilbert and LaDuca, LLP billed 360 hours at a total lodestar of $253,463.75. The firm's total expenses are $21,064.65. *See* Thompson Fee Dec.

The law firm of Lockridge Grindal Nauen P.L.L.P. billed 1,087.25 hours at a total lodestar of $621,356.25. The firm's total expenses are $29,652.62. *Id*.

The Kessler Law Firm PLLC billed 437 hours at a total lodestar of $152,950.00. The firm's total expenses are $4,863.10. *Id*.

The Chaikin Law Firm PLLC billed 179.25 hours at a total lodestar of $116,512.50. The firm's total expenses are $680.00. *Id*.

The McDougall Law Firm, LLC billed 64.3 hours at a total lodestar of $32,150.00. The firm's total expenses are $0. *Id*.

The combined cumulative lodestar for the firms prosecuting this action is $1,176,432.50. *Id*. Class Counsel have collectively incurred $56,260.37 in unreimbursed expenses, and have billed 2,127.80 contingency fee hours on this case. *Id*.

Class Counsel's hourly rates are in-line with the prevailing market rates "in the relevant legal community for similar services by lawyers or reasonably comparable skills, experience and

reputation." *Edmunds v. Levine,* No. 05-21215-CIV, 2009 WL 1012193, at *3 (S.D. Fla. Apr. 15, 2009). Court in this District have found these rates acceptable. *See e.g. Fresco v. Auto. Directions, Inc.*, No. 03-CIV-61063, 2009 WL 9054828, at *8 (S.D. Fla. Jan. 20, 2009); *TYR Tactical, LLC v. Productive Prod. Enter., LLC*, No. 15-61741-CIV-BLOOM, 2018 WL 3110799, at *10 (S.D. Fla. Apr. 11, 2018).

Class Counsel's time and labor was necessary to secure the results obtained. Class Counsel billed their time at their current billing rates charged to their clients, and all of the billable time was necessary to secure the results obtained. The rates charged by Class Counsel are appropriate and reasonable in light of the experience of each attorney and that the hourly rates are in line with comparable market rates. The hours expended are reasonable when compared with the time and effort put forth by Class Counsel in investigating, litigating, and resolving this case, as well as in light of the results for the Settlement Class.

Class Counsel's responsibilities for this litigation will not end with final approval. Class Counsel will remain available to answer inquiries from Settlement Class Members that may arise with respect to the Settlement and will continue to work with Defendants to ensure that the settlement benefits are implemented. Based on prior experience, this ongoing work will require many additional hours of work by Class Counsel and their staff and no additional fees will be paid.

2. <u>This case was novel and had many difficult questions</u>.

This case concerns a federal regulation, 49 C.F.R. § 574.8, enacted by the National Highway Traffic Safety Administration whereby independent tire dealers are required to register with the manufacturers new tires they sell to consumers. *See* 49 C.F.R. § 574.8(a)(l)(i)-(iii) (2019). The regulation itself contains no private right of action and resulted from a complex legislative history and public safety considerations. *Compare Edmunds v. Levine*, No. 05-21215-

CIV, 2009 WL 1012193, at *4 (S.D. Fla. Apr. 15, 2009) (citing *Friedman v. Berger*, 547 F.2d 724, 727, n. 7 (2nd Cir.1976)) ("Plaintiffs' counsel needed to understand the technicalities of the Florida prescription drug program, the Federal Food, Drug and Cosmetic Act labeling provisions, and the federal Medicaid program. With respect to the Medicaid Act alone, Judge Friendly of the Second Circuit Court of Appeals has called that program "almost unintelligible to the uninitiated."). This was the first litigation to attempt to vindicate consumers' rights under the regulation and its authorizing statute.

"Cases of first impression generally require more time and effort on the attorney's part." *Johnson*, 488 F.2d at 717. In this case, which involved violations of 49 C.F.R. § 574.8, Plaintiffs had to contend with a challenge regarding whether they had standing under Article III of the U.S. Constitution. *See Spokeo, Inc. v. Robins*, –– U.S. ––, 136 S. Ct. 1540, 1549 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.").

In addition, Defendants raised numerous defenses that created high litigation risks for Plaintiffs. For example, in briefing on the motion to dismiss and the motion for class certification, Class Counsel invested hundreds of hours researching and litigating each element in the statutory and common law claims alleged in the Complaint, including issues regarding Class Members' standing and injury. To prove their case at trial, Plaintiffs would have to collect further evidence to show how their alleged damages are measured. Therefore, this factor weighs in favor of the requested reasonable fee and cost agreed upon in the Settlement Agreement.

    3.    <u>Plaintiff Counsel possessed the skill requisite to perform the legal service properly</u>.

This litigation required considerable skill and experience to bring it to such a successful

9

conclusion. As this Court recognized, Class Counsel "thoroughly investigated the claims and background concerning Plaintiffs' tire purchases before filing their Complaint, filed a substantive opposition to Defendants' motion to dismiss and overcame the motion, and engaged in discovery as quickly as possible. As demonstrated in the exhibits to Plaintiffs' motion, proposed Class Counsel have served and successfully litigated as lead counsel or co-counsel in numerous similar consumer class actions, and have demonstrated their understanding of Florida and federal law in their motion-to-dismiss briefing." Order Approving Class Settlement and Granting Certification of Settlement Class, Apr. 6, 2020 at 11-12 (ECF No. 98). Further, Class Counsel "have devoted a significant amount of time to this case and achieved an excellent outcome for Plaintiffs, Class members, and the public. Plaintiffs' attorneys have demonstrated that they are very capable of prosecuting this action" *Id.* at 12.

Further, opposing counsel's experience and skill should be considered when determining this *Johnson* factor because such experience and skill reflects the challenges faced by Plaintiffs' Counsel. *In re King Resources Co. Sec. Litig.*, 420 F. Supp. 610, 634 (D. Colo. 1976). The ability of Class Counsel to obtain outstanding results for the Class in the face of such formidable legal opposition confirms the superior quality of Class Counsel's representation. Class Counsel respectfully submits that their work and submissions to the Court in this case were of high quality. As such, this factor supports the fee request.

4. <u>Plaintiffs' Counsel focused on this case and precluded other employment where necessary.</u>

This case precluded Plaintiffs' Counsel from immediately attending to or taking on other Cases. Plaintiffs' Counsel was focused on the discovery and complex motion to dismiss and

class certification briefing. *See In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1365 (S.D. Fla. 2011) (Court noting that "time spent on the Action was time that could not be spent on other matters.).

     5.    <u>The customary fee is acceptable</u>.

Plaintiffs have requested a fee and expense award of only $645,000, which is far less than the actual fees and expenses incurred in this action to-date. "Obviously, the award is justified under a lodestar analysis." *In re Liberty Nat. Ins. Cases*, 2:99-cv-3262-UWC, 2006 WL 8436814, at *21 (N.D. Ala. Mar. 31, 2006).

As this Court is aware, "[f]ee agreements between plaintiffs and defendants in class actions are encouraged, particularly where, as here, evidence has been presented that the attorneys' fees were negotiated after the terms of the Settlement have been agreed to by the parties. *Id*. at *22 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) and *In re Continental Ill. Sec. Litig.*, 962 F.2d 566, 568-70 (7th Cir. 1992)). The Court should give substantial weight to the negotiated fee amount here as there is no evidence of collusion or detriment to the class, and it represents the parties' "best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees." *Elkins v. Equitable Life Ins. Co.*, No. CivA96-296-Civ-T-17B, 1998 WL 133741 at *34 (M.D. Fla. Jan. 27, 1998) (quoting Johnson, 488 F.2d at 720). This weight is particularly appropriate when, as here, no objection has been raised to the fee award, the amount of fees is entirely consistent with a reasonable fee award under the circumstances of the case, and the benefits ascertained in this action are substantive and meaningful. *See e.g.* Settlement Agreement §§3.1 – 3.2.(Defendants have agreed to change their future business practice for the benefit and safety of Class members.).

     6.    <u>The fee was contingent</u>.

Class Counsel's participation was on a contingent fee basis and to date, they have not been compensated for their work.

"The economic rationale for fee enhancement in contingency cases has been explained as follows: 'A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services.'" *Ketchum v. Moses*, 17 P.3d 735, 742 24 (Cal. 2001) (quoting Richard Posner, *Economic Analysis of Law* (4th ed. 1992) at 534, 567). That rationale applies fully here.

Plaintiff Counsel have incurred significant expenses and provided thousands of hours of legal work with the possibility of no recovery. For this reason, the contingent nature of Plaintiffs' Counsel's fees supports the requested fee award.

7. <u>Plaintiffs' Counsel worked diligently to change a policy and the results obtained were substantive and meaningful</u>.

Class Counsel's work in the case resulted in the Defendants' changing their tire registration practices and procedure -- which directly concern the safety of drivers and passengers on vehicles equipped with the tires. Defendants will now include the following language on the receipt/Bill of Sale provided to consumers in connection with the purchase of tire-related goods or services:

> In accordance with Federal Regulations, TBC retains information related to tire sales, including the consumer's name and address, the tire identification number, and the dealer's name and address. In the event of a tire recall, TBC will provide such information to the tire manufacturer so that the tire manufacturer can send you notice of a recall. If you would prefer to register your tires directly with the manufacturer, please ask the store representative for a tire-registration card.

Settlement Agreement at § 3.1. Further, in an attempt to verify the information stored in Defendants' Tire Registration Database, when a consumer purchases tire related goods or

services from a retail store operated by Defendants, the store associate interacting with the consumer will be instructed to check available records to determine whether one or more of the tires on the vehicle were purchased from Defendants. If so, the associate will be instructed to review the information contained in Defendants' Tire-Registration Database regarding the vehicle in question and, to the extent necessary, take steps to update such information.

8. <u>Plaintiff Counsels' experience, reputation, and ability of the attorneys</u>.

Plaintiffs' Counsel have collective experience of approximately 100 years of law practice and have compiled an impressive string of victories and settlements which have brought home millions of dollars to class members. Their experience, reputation, and ability no doubt played a major role in persuading the well-funded Defendants, who gave ground very grudgingly in settlement negotiations, to agree to the settlement. Plaintiffs' Counsels resumes are attached to the Plaintiffs' Motion for Final Approval of Class Action Settlement on March 12, 2020 (ECF No. 95) or with the individual firm declarations filed herein.

9. <u>The desirability of the case</u>.

This case was challenging and risks were present. The statute and regulation at issue here provided no private right of action. Defendants asserted numerous defenses to Plaintiffs' claims and class certification would have been a high hurdle. *See Francisco v. Numismatic Guar. Corp.*, 2007 U.S. Dist. LEXIS 96618, at *35 (S.D. Fla. Jan. 30, 2007) (noting that "risk is perhaps the foremost factor in determining an appropriate fee award.").

The case would have incurred tens of thousands of dollars of additional investigation by experts and an enormously expensive trial. The possibility of no recovery in light of these obstacles heightened the "undesirability" of this litigation.

10. <u>Plaintiffs' Counsel relationship with the clients</u>.

This *Johnson* factor was designed to address circumstances where "a lawyer in private practice may vary his fee for similar work in the light of the professional relationship of the client with his office." *Johnson*, 488 F.2d at 718. Here, there is no variation of any attorney's fee for similar work in the light of the professional relationship of the clients with an attorney's office. Thus, this factor supports an award of the reasonable fees and costs agreed upon in the Settlement Agreement.[3]

11.   Fee awards in similar class action cases.

As stated above, courts have approved similar hourly rates to the fees requested here in class actions "within and without the court's circuit." *Johnson*, 488 F.2d at 717-19. As with the other *Johnson* factors, this one confirms the reasonableness of Class Counsel's fee request.

**2.   Plaintiffs' Counsel's Expenses Should be Approved.**

In this case, Plaintiffs' Counsel have incurred $56,260.37 in properly documented expenses for the common benefit of Class Members. The requested expenses will be paid from the total fee and expense request. Plaintiffs' Counsel put forward these necessary out-of-pocket costs without assurance that they would ever be repaid. The litigation expenses Plaintiffs' Counsel incurred include the following: (1) filing fees; (2) copying, mailing, and messenger expenses; (3) computerized legal research expenses; (4) deposition expenses; (5) travel expenses; and (6) mediation expenses.

---

[3] The fact that Plaintiff Emilie Palmer is the mother of Plaintiffs' counsel Christopher C. Kessler does not alter the evaluation under this factor because Palmer demonstrated no conflict with the class interests in litigating this case. Palmer has been deposed and participated in discovery. Palmer has been found to be an adequate Class representative. *See* Order Approving Class Settlement and Granting Certification of Settlement Class, Apr. 6, 2020 at p. 9-10 (ECF No. 98).

### 3. The Requested Incentive Award Should be Approved.

The service provided by the Class Representatives in this action should not go without financial recognition. While service as a representative plaintiff is not a profit-making position, the law recognizes that a modest payment is appropriate in recognition of the services that such plaintiffs perform in successful class litigation. "There is ample precedent for awarding incentive compensation to class representatives at the conclusion of a successful class action." *David v. Am. Suzuki Motor Corp.,* No. 08-CV-22278, 2010 WL 1628362, at *6 (S.D. Fla. Apr. 15, 2010).

The Settlement Agreement here recognizes this principle by providing incentive award payment of $7,500 to the Class Representatives. These Class Representatives were the principal catalysts to achieving the result attained here. They participated in discovery, were deposed, and assisted counsel in responding to discovery. And like Plaintiffs' fee and expense request, these incentive awards will not reduce the recovery to any Class Member. As the Court is aware, Florida courts "have found it appropriate to specially reward named class plaintiffs for the benefits they have conferred." *Pinto v. Princess Cruise Lines, Ltd.*, 513 F.Supp.2d 1334, 1344 (S.D. Fla.2007).

Consistent with the law and the terms of the Settlement Agreement, and in light of the Class Representatives' efforts to obtain a meaningful result for the Class, it is appropriate to make these payments to the Class Representatives.

## IV. Conclusion

For the above and foregoing reasons, Class Counsel respectfully requests that the Court grant this motion in its entirety.

Dated: May 27, 2020                                              Respectfully submitted,

/s/ *Jordan L. Chaikin*
Jordan L. Chaikin
Florida Bar Number: 0878421
**CHAIKIN LAW FIRM PLLC**
2338 Immokalee Road, Suite 170
Naples, Florida 34110
Telephone: (239) 470-8338
Facsimile: (239) 204-2425
Email: jordan@chaikinlawfirm.com

Cuneo Gilbert & LaDuca, LLP
/s/ *Charles J. LaDuca*
Charles J. LaDuca
Brendan S. Thompson
Yifei ("Evelyn") Li
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202)789-3960
charles@cuneolaw.com
brendant@cuneolaw.com
evelyn@cuneolaw.com

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
/s/ Robert K. Shelquist
Robert K. Shelquist, #021310X (MN)
Rebecca A. Peterson, #0392663 (MN)
Eric N. Linsk, #0388827 (MN)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

rkshelquist@locklaw.com
rapeterson@locklaw.com
RNLinsk@locklaw.com

The Kessler Law Firm PLLC
/s/ Chris Kessler
Christopher C. Kessler, #18696 (NC)
PO Box 8064
Greenville, NC 27835
(252) 321-2535
cck@kesslerlawfirmpllc.com

MCDOUGALL LAW FIRM, LLC
/s/ J. Olin McDougall, II
J. Olin McDougall, II
Post Office Box 1336
115 Lady's Island Commons
Beaufort, South Carolina 29901-1336
(843) 379-7000
(843) 379-7007-Fax
lin@mlf.law

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the clerk of court this 27th day of May, 2020, by using the CM/ECF system which will send notice of electronic filing to all parties of record.

By: */s/ Jordan L. Chaikin*
Jordan L. Chaikin
Florida bar number 0878421
Chaikin Law Firm PLLC
2338 Immokalee Road, Suite 170
Naples, Florida 34110
Telephone: (239) 470.8338
Facsimile: (239) 433-6836
Email: jordan@chaikinlawfirm.com