# EXHIBIT A to Fee Motion (Thompson Declaration)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Bruce Exum, Jr. and Emilie Palmer, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>National Tire and Battery and TBC Corporation,<br><br>        Defendants. | Case No. 9:19-CV-80121-WM<br><br>Hon. William Matthewman |

**DECLARATION OF BRENDAN S. THOMPSON IN SUPPORT OF UNOPPOSED MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES TO PLAINTIFFS' COUNSEL AND PAYMENT OF SERVICE AWARD TO REPRESENTATIVE PLAINTIFFS**

I, Brendan S. Thompson, declare as follows:

  1.  I am attorney at Cuneo Gilbert and LaDuca, LLP and counsel in the above-entitled action. I respectfully submit this Declaration in support of the Plaintiffs' Unopposed Motion for An Award of Attorneys' Fees and Reimbursements of Expenses to Plaintiffs' Counsel and Payment of Service Award to Representative Plaintiffs.  Except as otherwise noted, I have personal knowledge of the facts set forth in this Declaration, and could testify competently to them if called upon to do so.

  2.  Cuneo Gilbert & LaDuca, LLP has devoted the majority of its practice to the representation of clients involved in consumer protection, products liability, antitrust, securities and corporate governance. The firm has achieved success for a range of clients by: working to

recover hundreds of millions of dollars for homeowners with defective construction materials; helping to recover billions of dollars in shareholder litigation (notably, the firm served as Washington counsel for the plaintiffs in the Enron Securities Litigation, *In re Enron CoYp. Sec. Litig.*, No. H-01-3624 (S.D. Tex. 2006)); obtaining compensation for Holocaust survivors (*see Rosner, et al. v. United States*, No. O1-cv-1859 (S.D. Fla.), the firm acted as Co-Lead Counsel in a case on behalf of survivors of the Holocaust in Hungary whose fortunes were misappropriated by the U.S. government in the final days of World War II); and, in several jurisdictions, ending the practice of jails subjecting minor law violators to unconstitutional strip searches. In addition, in 1991, with two California firms, the firm brought the so-called "Joe Camel" case, *Mangini v. RJ Reynolds Tobacco Co.*, 7th Cal. 4th 1057 (1994), which alleged essentially that R. J. Reynolds Tobacco Company's Joe Camel Advertising Campaign illegally tricked children into smoking cigarettes.

3. I am a member in good standing of the State Bar of Maryland, and I have never been the subject of any type of disciplinary proceeding. I am admitted to practice before the U.S. District Court for Colorado, U.S. Central District Court for Illinois, U.S. District Court for Maryland, U.S. District Court for the Western District of Washington, and the U.S. Court of Appeals for the Third and Ninth Circuits.

4. I have been admitted to the Bar of the State of Maryland since 2008. My practice has been devoted to the prosecution of class actions on behalf of Plaintiffs. I have served as lead counsel and co-counsel in numerous class action and multidistrict litigation ("MDL") cases. The cases I have prosecuted include consumer protection claims similar to the ones brought in this action. In December 2017, I was appointed co-lead counsel by then Senior Judge Thelton Henderson of the United States District Court for the Northern District of California in *Gold, et al.*

*v. Lumber Liquidators*.  The case concerns Morning Star bamboo flooring which Plaintiffs allege prematurely fails (expands and contracts and cannot withstand normal relative humidity variations) when installed in homes.  Plaintiffs successfully defended against motions to dismiss, *Daubert* motions, a motion for summary judgment, and a transfer of venue motion. The parties exchanged nearly one million pages of discovery and engaged in approximately twenty fact and expert depositions in the case.  Plaintiffs certified six state classes and defeated a subsequent Rule 23(f) petition and are currently awaiting final approval of the proposed $30 million settlement.  *See Gold v. Lumber Liquidators, Inc*., 323 F.R.D. 280 (N.D. Cal. 2017).  Other examples of cases I have served as counsel in are: *In re Building Materials Corp. of America Asphalt Roofing Shingle Prods. Liab. Litig*., MDL No. 2283 (D.S.C.); *In re: Kitec Plumbing System Products Liability Litig*., MDL No. 2098 (N.D. Tex.); *In re IKO Roofing Shingle Products Liability Litig*., MDL No. 2104 (M.D. Il.); *Minor, et al. v. Congoleum* (D. N.J.); and *Melillo, et. al. v. Building Products of Canada*, Case No. 618-11 (Vermont St. Ct.).

5. Since its inception, this litigation involved the review of thousands of pages of documents, the issuing of third-party subpoenas, much motion practice (including motion to dismiss and compel and class certification), consultations with a vehicle safety act expert, and mediations with Rodney A. Max.

6. To-date, Plaintiffs' Counsel has expended more than 2,127.80 hours of attorney time on behalf of the settlement class within the course of this litigation which amounts to $1,176,432.50 in lodestar.  *See* Exhibit 1 (collective lodestar and expenses chart of Class Counsel and Exhibit 2 (Declarations of each firm).  Plaintiffs' Counsel's requested fee reimbursement of $645,000.00, which Defendants have agreed to pay, is considerably less than the current lodestar amount. Plaintiffs' Counsel's responsibilities for this litigation will not end with final approval.

Plaintiffs' Counsel will remain available to answer inquiries from settlement Class Members that may arise with respect to the Settlement. Based on prior experience, this ongoing work will add many additional hours of work by Plaintiffs' Counsel and their staff and no additional fees will be paid. As reflected in the tables below, my firm's hours of attorney time on behalf of the settlement class is 360.00 which amounts to $253,463.75 in lodestar and my firm's expenses in the case total $21,064.65.

7. Plaintiffs' Counsel's resumes are attached to the Plaintiffs' Motion for Final Approval of Class Action Settlement which was filed on March 12, 2020 (ECF No. 95).

8. In addition to advancing their professional time, Plaintiffs' Counsel also advanced all of the expenses necessary to pursue the litigation. The litigation expenses Plaintiffs' Counsel incurred include the following: (1) filing fees; (2) copying, mailing, and messenger expenses; (3) computerized legal research expenses; (4) deposition expenses; (5) travel expenses; and (6) mediation expenses. Plaintiffs' Counsel advanced $56,260.37 in expenses in connection with the prosecution of this litigation. *See* Exhibit 1 (collective lodestar and expenses chart of Class Counsel and Exhibit 2 (Declarations of each firm)

9. The fees and expenses were reached after months of arms-length negotiations between the parties and with the assistance of mediator, Rodney A. Max.

10. The Class Rrepresentatives have bbeen dutifully engaged and are active representatives and have shown the willingness and ability to take an active role in the litigation and to protect the interests of the absent class members. They participated in discovery and depositions.

11. Defendants have agreed to pay up to $7,500 as approved by the Court, as incentive awards to the Named Representatives.

I declare under penalty of perjury under the laws of the District of Columbia that the foregoing is true and correct.  Executed this 27th day of May 2020, in the State of Maryland.

<u>s/ Brendan S. Thompson</u>

Brendan S. Thompson

**Unregistered Tires - NTB**

Firm Name: Cuneo Gilbert & LaDuca, LLP
Reporting Period: Inception - May 26, 2020

|  | Hours | Rate | Lodestar |
|---|---|---|---|
| Charles LaDuca | 49.75 | $850 | $42,287.50 |
| Daniel Cohen | 25.25 | $705 | $17,801.25 |
| Brendan Thompson | 162.50 | $700 | $113,750.00 |
| Evelyn Li | 122.50 | $650 | $79,625.00 |
| **Attorney Totals** | **360.00** |  | **$253,463.75** |

|  | Expenses |
|---|---|
| Court Reporters/Videos/Transcripts/Publications | $3,229.09 |
| Meals, Hotels and Transportation | $10,940.96 |
| Messenger. Express Mail, Postage | $2.60 |
| Westlaw/Lexis-Nexis/PACER research | $17.00 |
| Expert Fees | $6,875.00 |
| **Total** | **$21,064.65** |