# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Bruce Exum, Jr. and Emilie Palmer,
individually and on behalf of all others
similarly situated,

                     Plaintiffs,

v.

National Tire and Battery and TBC
Corporation,

                     Defendants.

Case No. 9:19-CV-80121-WM

Hon. William Matthewman

**DECLARATION OF ROBERT K. SHELQUIST IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR FEES AND EXPENSES**

I, Robert K. Shelquist declare as follows:

      1.      I am a partner with the firm of Lockridge Grindal Nauen P.L.L.P., and I am one of the attorneys representing the Plaintiff Class in the above-entitled action. I am submitting this declaration in support of my firm's application for an award of attorneys' fees and expenses in connection with services rendered in the above-entitled action.

      2.      I am a member in good standing of the State Bar of Minnesota, and I have never been the subject of any type of disciplinary proceeding. I am admitted to practice before the Supreme Court of Minnesota. I was admitted to the State Bar of Minnesota in 1990 and since 1990 my practice has been devoted to the prosecution of class actions on behalf of Plaintiffs.  I have served as counsel in numerous class action cases. The cases I have prosecuted include products

liability and consumer protection claims. My firm's resume is attached Plaintiffs' Motion for Final Approval of Class Action Settlement on March 12, 2020. (ECF No. 95).

3. In pursuit of this matter, my firm was responsible for many aspects of this litigation. My firm undertook drafting of the complaints, retained and worked with the expert, reviewed defendant documents, prepared and served subpoenas, briefed motion practice included class certification, argued motions before the court and attended mediation on behalf of our clients and the class.

4. The total number of hours spent on this litigation by my firm is 1,087.75.

5. The total lodestar amount for attorney/professional time based on my firm's current usual and customary class action rates is $621,356.25. See Exhibit 1.

6. The figures and amounts reflected in the foregoing paragraph are derived from contemporaneously kept time records that are inputted into a computerized billing system maintained by my firm.

7. Based upon my experience with other class action matters, I believe that the time expended by my firm in connection with this action is reasonable in amount and was necessarily incurred in connection with the prosecution of this action.

8. My firm has incurred a total of $29,652.62 in expenses in connection with the prosecution of this litigation. See Exhibit 2.

9. The aforementioned expenses pertaining to this case are reflected in the books and records of this firm. These books and records are prepared from expense vouchers, check records, and other documents.

10. I declare under penalty of perjury under the laws of the Minnesota that the foregoing is true and correct.

Executed this 27th day of May, 2020, in the State of Minnesota.

s/Robert K. Shelquist_____
Robert K. Shelquist

**Exhibit 1**

**Lockridge Grindal Nauen P.L.L.P. Attorney Time Report**

| Professional | Total Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Robert Shelquist | 160.00 | 875/925 | $140,975.00 |
| Rick Linsk | 636.00 | 550/650 | $354,825.00 |
| Michael Vanselow | 87.25 | 825 | $71,981.25 |
| Kelly LeRoy | 151.25 | 275 | $41,593.75 |
| Han Li | 43.00 | 225 | $9,675.00 |
| Lexi Pitz | 10.25 | 225 | $2,306.25 |
| | | | |
| **totals** | **1,087.75** | | **$621,356.25** |

**Exhibit 2**

**Lockrdige Grindal Nauen P.L.L.P. Expenses**

| Expense | Cumulative Expenses |
|---|---:|
| Copying | 414.45 |
| Travel - Reasonable Hotels, Transportation, Meals, Misc. | 11,697.32 |
| Postage | 18.85 |
| Telephone, Facsimile | 8.01 |
| Transcripts | 1,399.19 |
| Westlaw/Lexis-Nexis/PACER research | 3,078.72 |
| Expert Fees | 10,375.00 |
| Mediation Fee | 1,875.00 |
| Food and Beverage | 2.08 |
| Service of Documents | 784.00 |
| **Total** | **29,652.62** |

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Bruce Exum, Jr., and Emilie Palmer,
individually and on behalf of all others
similarly situated,

     Plaintiffs,

  v.

National Tire and Battery and TBC
Corporation,

     Defendants.

Case. No.: 9:19-cv-80121-WM

Hon. William Matthewman

## DECLARATION OF JORDAN L. CHAIKIN, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

I, Jordan L. Chaikin, Esq., declare as follows:

  1.  I am over the age of eighteen and am fully competent to make this declaration. I make this declaration based upon personal knowledge unless otherwise indicated.

  2.  I am the owner of the law firm of Chaikin Law Firm PLLC and am one of the attorneys representing the Plaintiff Class in the above-entitled action.

  3.  This declaration is made in support of my firm's application for an award of attorneys' fees and expenses in connection with services rendered in the above-entitled action.

  4.  I am a member in good standing of the State Bar of Florida. I am admitted to practice in the United States District Courts for the Middle, Southern and Northern Districts of Florida. I have also been admitted *pro hac vice* to practice in state and federal courts in New York, New Jersey, California, South Carolina, Illinois, Missouri, Louisiana, and Georgia.

  5.  I was admitted to the Florida Bar in 2004 and since then my practice has been primarily devoted to the prosecution of class actions on behalf of Plaintiffs.  I have served as

counsel in numerous class action cases. The cases I have prosecuted include products liability and consumer protection claims. A true and accurate copy of my firm resume is attached hereto as Exhibit 1.

6.      I am familiar with the (i) the claims, evidence and legal arguments involved in this settlement, (ii) the terms of the class settlement, and (iii) the relevant defenses, evidence, and legal arguments to date.

7.      Throughout my involvement in the above case, I ensured that my firm did its part to litigate efficiently, without undue duplication of effort, and at minimal expense.

8.      My firm's work on this case was performed on a wholly contingent basis. Chaikin Law Firm PLLC has not received any amounts in connection with this case, either as fee income or expenses reimbursement.

9.      As reflected in the chart below as of May 21, 2020, the total number of attorney hours spent on this case by my law office is 179.25.  The total lodestar amount for attorney time based on my law office's current rates in a range of $116,512.50 as of that same date.  The lodestar figure is based on the ordinary professional billing rates that my law office charges clients in class action litigation.  Expenses are accounted for and billed separately, without markup, and are not duplicated in my professional billing rate.

| PROFESSIONAL | HOURS | RATE | TOTAL |
|---|---|---|---|
| Jordan L. Chaikin | 179.25 | $ 650.00 | $116,512.50 |
| | | | |
| | | | |

10.      As of May 21, 2020, my law office has advanced a total of $680.00 in unreimbursed actual third-party expenses in connection with the prosecution of this case.

11.     The figures and amounts reflected in the foregoing paragraph are derived from contemporaneously kept time records that are inputted into a computerized billing system maintained by my firm.

12.     Based upon my experience with other class action matters, I believe that the time expended by my firm in connection with this action is reasonable in amount and was necessarily incurred in connection with the prosecution of this action.

13.     The expenses pertaining to this case are reflected in the books and records of this firm. These books and records are prepared from expense vouchers, check records, and other documents. The expense records summarized in this declaration accurately reflect the expenses incurred by my firm in pursuit of this litigation.

14.     In my opinion, the time expended and incurred in prosecuting this action were reasonable and necessary for the diligent litigation of this matter.

15.     Based on my involvement in this case, I believe that the instant settlement is fair, adequate, and reasonable, and in the best interest of the Settlement Class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of May 2020.

Jordan L. Chaikin, Esq.
Chaikin Law Firm PLLC

# EXHIBIT 1

**Jordan L. Chaikin, Esq.**
**Chaikin Law Firm PLLC**
**2338 Immokalee Road, Suite 170**
**Naples, Florida 34110**
**Jordan@chaikinlawfirm.com**
**Office: 239.470.8338**



---

## CURRICULUM VITAE

### EDUCATION

University of Florida – B.A. 2001
Stetson University College of Law – J.D. 2004

### STATE COURT BAR ADMISSIONS

Florida – 2004

### FEDERAL COURT BAR ADMISSIONS

United States District Court – Middle District of Florida – 2005
United States District Court – Southern District of Florida – 2008
United States District Court – Northern District of Florida – 2009

### MDL INVOLVEMENT/ CLASS ACTION EXPERIENCE

In re: Dial Complete Marketing and Sales Practices Litigation
MDL No. 2263
United States District Court, District of New Hampshire
Plaintiffs' Steering Committee

In re: Colgate-Palmolive Softsoap Antibacterial Hand Soap Marketing
and Sales Practices Litigation
MDL No. 2320
United States District Court, District of New Hampshire
Plaintiffs' Steering Committee

In re: MI Windows and Doors, Inc., Products Liability Litigation
MDL No. 2333
United States District Court, District of South Carolina
Plaintiffs' Steering Committee

In re: Emerson Electric Co. Wet/Dry Vac Marketing and Sales
Litigation
MDL No. 2382
United States District Court, Eastern District of Missouri
Plaintiffs' Executive Committee

In re: Atlas Roofing Corporation Chalet Shingle Products Liability
Litigation
MDL No. 2495
United States District Court, Northern District of Georgia
Plaintiffs' Steering Committee

In re: Pella Corporation Architect and Designer Series Windows
Marketing, Sales Practices, and Products Liability Litigation
MDL No. 2514
United States District Court, District of South Carolina
Plaintiffs' Steering Committee

In re: AZEK Building Products, Inc. Marketing and Sales Practices
Litigation
MDL No. 2506
United States District Court, District of New Jersey
Plaintiffs' Executive Committee

Eliason, et al. v. Gentek Building Products, Inc.
United States District Court, Northern District of Ohio
Case No. 1:10-cv-2093
Plaintiffs' Executive Committee

United Desert Charities, et al. v. Sloan Valve Company, et al.
Case No. 2:12-cv-06878-SJO-SH
United States District Court, Central District of California
Class Counsel

Smith, et al. v. Volkswagen Group of America, Inc.
Case No. 3:13-cv-00370-MJR-PMF
United States District Court, Southern District of Illinois
Class Counsel

Kacsuta, et al. v. Lenovo (United States) Inc.
Case No. 8:13-cv-00316-CJC-RNB
United States District Court, Central District of California
Class Counsel

In re: Building Materials Corporation of America Asphalt Roofing
Shingle Products Liability Litigation
MDL No. 2283
United States District Court, District of South Carolina
Class Counsel

Gold, et al. v. Lumber Liquidators
Case No. 3:14-cv-05373-TEH
United States District Court, Northern District of California
Plaintiffs' Executive Committee

In re: Windsor Wood Clad Windows Products Liability Litigation
MDL No. 2668
United States District Court, Eastern District of Wisconsin
Plaintiffs' Steering Committee

In re: Chinese-Manufactured Drywall Products Liability Litigation
MDL No. 2047
United States District Court, Eastern District of Louisiana

In re: KABA Simplex Locks Marketing and Sales Litigation
MDL No. 2220
United States District Court, Northern District of Ohio

In re: Apple iPhone 3G and 3GS "MMS" Marketing and Sales Practices
Litigation
MDL No. 2116
United States District Court, Eastern District of Louisiana

In re: Kugel Mesh Hernia Patch Products Liability Litigation
MDL No. 1842
United States District Court, District of Rhode Island

In re: Gadolinium Contrast Dyes Products Liability Litigation
MDL No. 1909
United States District Court, Northern District of Ohio

In re: DePuy Orthopaedics, Inc. ASR Hip Implant Products Liability
Litigation
MDL No. 2197
United States District Court, Northern District of Ohio

In re: Denture Cream Products Liability Litigation
MDL No. 2051
United States District Court, Southern District of Florida

In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico
on April 20, 2010
MDL No. 2179
United States District Court, Eastern District of Louisiana

In re: Heparin Products Liability Litigation
MDL No. 1953
United States District Court, Northern District of Ohio

In re: Imprelis Herbicide Marketing, Sales Practices and Products
Liability Litigation
MDL No. 2284
United States District Court, Eastern District of Pennsylvania

In re: 5-Hour Energy Marketing and Sales Practices Litigation
MDL No. 2438
United States District Court, Central District of California

## PRESENTATIONS - SPEAKING ENGAGEMENTS

Speaker – HarrisMartin Publishing,
Chinese Drywall Litigation Conference
"Legal Liability of Foreign Corporations - Working Through The Hague
Convention"
Orlando, Florida - June 4-5, 2009

Speaker – HB Litigation Conferences
Chinese Drywall Conference
"History of the Chinese Drywall Problem in the United States"
New Orleans, Louisiana - June 18, 2009

Speaker – HarrisMartin Publishing
Construction Product Litigation Conference
"Discussion of Current Alleged Construction Defect Cases"

Miami Beach, Florida, October 25, 2013

Speaker – HarrisMartin Publishing
Lumber Liquidators Flooring Litigation Conference
"Class Action or Mass Tort"
Minneapolis, Minnesota, May 27, 2015

## HONORS/AWARDS

Daily Business Review – Florida Verdicts Hall of Fame – Products
Liability
*Estate of Coleman Alexander v. Lorillard Tobacco Company*
$45,000,000 Verdict

# EXUM/PALMER V. NATIONAL TIRE AND BATTERY/TBC CORP LITIGATION
## TIME REPORTING

FIRM: CHAIKIN LAW FIRM PLLC

TIME PERIOD: Inception through May 21, 2020

**Categories:**

(1) Pleadings,Legal Research, Legal Briefing    (4) Settlement/Negotiations/Drafting and implementation

(2) Discovery and Document Review    (5) Court appearances and preparation for same

(3) Case Management, Litigation Strategy, and Adminstration

| Timekeeper Name | 1 | 2 | 3 | 4 | 5 | Total Hours | Hourly Rate | Cumulative Hours | Cumulative Total Lodestar |
|---|---|---|---|---|---|---|---|---|---|
| Jordan L. Chaikin | 84.25 | 12.50 | 75.75 | 5.25 | 1.50 | 179.25 | $650.00 | 179.25 | $116,512.50 |
|  |  |  |  |  |  | 0.00 |  | 0.00 | $0.00 |
|  |  |  |  |  |  | 0.00 |  | 0.00 | $0.00 |
|  |  |  |  |  |  | 0.00 |  | 0.00 | $0.00 |
| Totals | 84.25 | 12.50 | 75.75 | 5.25 | 1.50 | 179.25 |  | 179.25 | $116,512.50 |

/s/ Jordan L. Chaikin                                                    Date: 5/21/20

Attorney Signature

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Bruce Exum, Jr. and Emilie Palmer,
individually and on behalf of all others
similarly situated,

                              Plaintiffs,

v.

National Tire and Battery and TBC
Corporation,

                              Defendants.

Case No. 9:19-CV-80121-WM

Hon. William Matthewman

## DECLARATION OF THE KESSLER LAW FIRM, P.L.L.C. IN SUPPORT OF PLAINTIFFS' MOTION FOR FEES AND EXPENSES

I, Christopher C. Kessler, declare as follows:

1.     I am the owner and sole attorney at The Kessler Law Firm, P.L.L.C.  I am submitting this declaration in support of my firm's application for an award of attorneys' fees and expenses in connection with services rendered in the above-entitled action.

2.     The Kessler Law Firm, P.L.L.C. has devoted the majority of its practice to the representation of clients involved in personal injury cases.  The firm has achieved success for a range of clients by: working to recover millions of dollars for individuals injured due to no fault of their own in automobile accidents; medical malpractice; product liability; and workers' compensation.

3.     I am a member in good standing of the State Bar of North Carolina and I have never had disciplinary sanctions imposed upon me.

4.     I have been admitted to the Bar of the State of North Carolina since 1992, the United

States District Court Middle District of North Carolina since 1992, the United States District Court

Easter District of North Carolina since 2006; and the United States Court of Appeals for the Fourth

Circuit in 2020.  My practice has been devoted to the practice of personal injury for approximately

28 years.

6.     The total number of hours spent on this litigation by my firm is 437.

7.     The total lodestar amount for attorney/professional time based on my firm's usual

and customary rates is $350.00 per hour. *See* Exhibit 2.

8.     The figures and amounts reflected in the foregoing paragraph are derived from

contemporaneously kept time records that are inputted into a computerized billing system

maintained by my firm.

9.     Based upon my experience with other class action matters, I believe that the time

expended by my firm in connection with this action is reasonable in amount and was necessarily

incurred in connection with the prosecution of this action.

10.    My firm has incurred a total of $4,863.10 in expenses in connection with the

prosecution of this litigation. *See* Exhibit 3.

11.    The aforementioned expenses pertaining to this case are reflected in the books and

records of this firm. These books and records are prepared from expense vouchers, check records,

and other documents. The expense records summarized in this declaration and submitted herewith

accurately reflect the expenses incurred by my firm in pursuit of this litigation.

I declare under penalty of perjury under the laws of the District of Columbia that the

foregoing is true and correct.  Executed this 19th day of May 2020, in the State of North

Carolina.

_____
Christopher C. Kessler

# CHRISTOPHER C. KESSLER

P.O. Box 8064, Greenville, North Carolina, 27834 · 252-321-2535
Email · cck@kesslerlawfirmpllc.com

## EXPERIENCE

**1991 – 1995**
HAROLD F. GREESON, ATTORNEY AT LAW

**1995 – 2000**
JIMMIE R. KEEL, ATTORNEY AT LAW
KEEL, KESSLER & O'MALLEY, LLP

**2001 - PRESENT**
THE KESSLER LAW FIRM, PLLC

## EDUCATION

**1987**
INDIANA UNIVERSITY (BS DEGREE)

**1991**
UNIVERSITY OF DAYTON SCHOOL OF LAW (JD)

## BAR ADMISSIONS

North Carolina State Bar, admitted March 21, 1992

US District Court for the Middle District of North Carolina, admitted May 20, 1992

US District Court for the Eastern District of North Carolina, admitted May 15, 2006

US Court of Appeals Fourth Circuit, admitted March 3, 2020

# EXPERIENCE

MDL 926 Breast Implant Litigation Settlement- Early 1990s

Medical Malpractice involving a HIV infected organ transplant settlement - Early 1990s

Corporate and private airplane crash cases resulting in settlements- Early 1990s

Medical Malpractice involving Methotrexate use with psoriasis resulting in settlement- 1995

Medical Malpractice resulting in quadriplegia - a seven figure pretrial settlement against one defendant and a seven figure settlement against another defendant after a three week jury trial. – 2000

Numerous Greyhound Bus wrecks with multiple clients requiring depositions throughout the United States and numerous settlements and a jury verdict. 2000-2013

On the job farming injury resulting in quadriplegia and a seven figure settlement. 2015

Product Liability Tire Failure and Failure to Register Tires resulting in multiple injuries and a death. Resolved by settlement for seven figures against the Independent Tire Dealer and a seven figure settlement with the Tire Manufacturer. 2015

Actos Class Action participation. Case resulted in settlement. 2015

Currently a Class Plaintiff co-counsel in seven cases throughout the United States

Have participated in hundreds of depositions and have litigated and/or conducted depositions in approximately 30 states in the United States during legal career.

**Exhibit 2**

**Attorney Time Report**

| Name | The number of hours spent on various categories of activities related to the action by each biller | Hours | Rate | Lodestar Total |
|------|------|------|------|------|
| Attorneys | Christopher C. Kessler | 437.00 | $350.00 | $152,950.00 |
| | | | | |
| Paralegals | I am not billing for paralegal time | | | |
| | | | | |
| **TOTAL** | | | | |

**Exhibit 3**

**Expenses**

| EXPENSE CATEGORY | TOTAL |
|---|---|
| Miscellaneous Fees | |
| Travel | $4,863.10 |
| | |
| **TOTAL** | $4,863.10 |

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Bruce Exum, Jr. and Emilie Palmer, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br>v.<br><br>National Tire and Battery and TBC Corporation,<br><br>                              Defendants. | Case No. 9:19-CV-80121-WM<br><br>Hon. William Matthewman |

### DECLARATION OF McDOUGALL LAWFIRM, LLC IN SUPPORT OF PLAINTIFFS' MOTION FOR FEES

I, J. Olin McDougall, II, declare as follows:

1.      I am the owner of McDougall LawFirm, LLC.  I am submitting this declaration in support of firm's application for an award of attorneys' fees in connection with services rendered in the above-entitled action.

2.      The McDougall LawFirm, LLC has devoted the majority of its practice to the representation of clients involved in personal injury cases.  The firm has achieved success for a range of clients by working to recover millions of dollars for individuals injured due to no fault of their own in automobile accidents; medical malpractice; product liability; and workers' compensation.

3.      I am a member in good standing of the State Bar of South Carolina, and I have never had disciplinary sanctions imposed upon me.

4.      I have been admitted to the South Carolina State Bar since 1994 and South Carolina Federal Court since 1998.  My practice has been devoted to the practice of personal injury for approximately twenty-four (24) years.

5.      The total number of hours spent on this litigation by my firm is 64.3.

6.      The total amount for attorney/professional time based on firm's usually and customary rate is $500.00 hour.  *See* Exhibit 1.

7.      The figures and amounts reflected in the foregoing paragraph are derived from contemporaneously kept time records that are inputted into a computerized billing system maintained by my firm.

8.      Based on my experience with other class matters, I believe that the time expended by my firm in connection with this action is reasonable in amount and was necessarily incurred in connection with the prosecution of this action.

I declare under penalty of perjury under the laws of the District of Columbia that the foregoing is true and correct.  Executed this 19th day of May 2020, in the State of South Carolina.

J. Olin McDougall, II

EXHIBIT 1

ATTORNEY TIME REPORT

| Name | The number of hours spent on various categories of activities related to the action by each biller | Hours | Rate | Total |
|------|------|------|------|------|
| Attorney | J. Olin McDougall, II | 64.3 | $500.00 | $32,150.00 |
| | | | | |
| Paralegal | I am not billing for paralegal time | | | |
| | | | | |