UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-80121-Matthewman

Bruce Exum, Jr., and Emilie Palmer,
*individually and on behalf of
all others similarly situated*,

        Plaintiffs,

v.

National Tire and Battery, and
TBC Corp.,

        Defendants.
_____/

FILED BY KJZ D.C.
Sep 14, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DISCHARGING ORDER TO SHOW CAUSE
## TO ATTORNEY MELISSA HOLYOAK

This matter comes before the Court *sua sponte*. On September 1, 2020, the Court entered its Order [DE 109] which granted Final Approval of Class Action Settlement, and issued an Order to Show Cause to Attorney Melissa Holyoak.

Ms. Holyoak promptly, and well prior to the due date, filed her Response Regarding Order to Show Cause and Motion to Withdraw Objection Pursuant to Rule 23(e)(5) [DE 112]. Attached to that Response was a Declaration of Ms. Holyoak [DE 112-1]. In Ms. Holyoak's Response, she moves to withdraw her Objection [DE 103] in its entirety, and she states that she has monetarily compensated Plaintiffs' counsel for their time in responding to her error. Ms. Holyoak also filed the parties' signed Stipulation and Settlement [DE 113].

The Court has carefully reviewed the Response and Declaration [DE 112], as well as the Stipulation and Settlement [DE 113]. Upon review, it is clear to the Court that Ms. Holyoak does hold herself to high standards. Her prompt Response establishes that she is not treating this

matter in a cavalier manner. Rather, she is taking the matter seriously and is quite embarrassed and chagrined about her error.

The Court is satisfied and impressed by her prompt and candid response to the Court's Order to Show Cause. Ms. Holyoak admits her error, has dealt with the matter in a straightforward manner with Plaintiffs' counsel, and has provided a detailed, intelligent, and apologetic response to the Court.

The Court finds that Ms. Holyoak's error contained in her Objection would not have been made had she carefully read the Class Action Settlement, rather than making incorrect assumptions about the settlement in this case based upon her past extensive experience with class action cases. Ms. Holyoak appears to have been overzealous, and perhaps hastily and improvidently filed her Objection without carefully reviewing the settlement agreement. However, the Court finds that Ms. Holyoak did not engage in bad faith conduct and did not knowingly or intentionally make a false statement or misrepresentation to this Court. Further, the Court finds that Ms. Holyoak did not intentionally seek to frustrate or delay this matter, even though her Objection did, in fact, result in a substantial delay of the case. The Court finds no intent to deceive or intent to engage in dilatory conduct by Ms. Holyoak.

All members of the Bar, including Ms. Holyoak, must be careful and meticulous in their representations to the courts, as such representations matter. Judges rely upon the representations of counsel for many purposes, including but not limited to, deciding whether a hearing is necessary on a motion, determining whether a factual proffer should be accepted or rejected, deciding whether an evidentiary hearing or trial is necessary, and determining the merits of a motion or matter.

Finally, the Court does not dispute Ms. Holyoak's assertion that, in general, there can be, and have been, bad class action settlements which are quite worthy of objections. And, in such cases, Objectors such as Ms. Holyoak and her employer at the time, the Center for Class Action Fairness (CCAF), serve a worthy purpose in situations when a settlement has been driven solely by the attorneys' desire for fees rather than the best interest of the class. However, bad faith, serial objectors do not serve a valid purpose. Therefore, it is vitally important that when Objectors, such as Ms. Holyoak or her employer at the time (CCAF), file their objections in any case, they do so with the utmost accuracy and thoroughness. Otherwise, cases can be unnecessarily delayed, and unnecessary work is placed on a court's already overburdened docket.

With that said, it is hereby **ORDERED** as follows:

1. The Order to Show Cause issued to Ms. Holyoak is hereby discharged. After considering all of the relevant facts, the Court has determined that it will not impose any sanctions upon Ms. Holyoak.

2. The Court hereby ratifies and approves the Stipulation and Settlement filed at DE 113. The Court will separately enter its Order approving the Stipulation and Settlement.

3. Ms. Holyoak's Motion to Withdraw Objection Pursuant to Rule 23(e)(5) at DE 112 is hereby **GRANTED**. The Objection filed by Ms. Holyoak at DE 103 is hereby deemed withdrawn.

**DONE** and **ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of September 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge